### George G. Lovell v. William F. Willard and another.

*Finding of facts: Special verdict: Practice: Evidence.* The finding of facts, in a case tried by the court without a jury, is to be treated as a special verdict; and where no exceptions have been taken to the evidence introduced, the finding is conclusive, if there is any evidence tending to sustain it.

*Evidence: Finding of facts.* The evidence considered, and held not to sustain the finding that the defendants gave the note sued upon as consideration for the sale to them by the plaintiff of a note of like amount he held against one Haney; but its tendency was rather to show that by the arrangement between the parties, defendants were not to pay their note unless Haney would consent to pay them, or allow them the amount upon a debt they owed him, without suit or trouble, nor unless the Haney note should turn out to be as good to them as money.

*Submitted on briefs October 28. Decided November 5.*

Case made from Ottawa Circuit.

*R. W. Boynton* and *William A. Pratt,* for plaintiff.

*Edwin Baxter,* for defendants.

CHRISTIANCY, CH. J.

This is a case made after judgment, the cause having

been tried in the circuit court for Ottawa county, before the judge without a jury.

The plaintiff's action was based upon a promissory note of the defendants claimed by the plaintiff to have been given to him as the consideration for the sale by him to the defendants of a note of one John Haney, sold to them by the plaintiff; while the defendants claim that they received this Haney note at the instance of the plaintiff, to be collected by them if Haney should be willing to allow the same upon their indebtedness to him; and that if Haney should not be willing thus to allow it, and they could not induce him to pay it without suit and without trouble, then the plaintiff was to return them their note upon which this suit is brought.

The court, after hearing the evidence, made and filed his finding of facts and his conclusions of law therefrom, from which it appears that he found that the plaintiff sold the Haney note to the defendants, and that the defendants, as a consideration for the purchase, executed and delivered the note in suit to the plaintiff, and rendered judgment for the plaintiff for the amount of the note, less the amount which he found the plaintiff was owing to Haney, at the time his note was sold to the defendants (which sale was after the maturity of the note).

As this finding of facts stands upon the same ground as a verdict, and no exceptions were taken by the defendants to the evidence introduced which could avail them here, the finding must be treated as conclusive, if there was any evidence in the case tending to sustain it.

It is however admitted that there was no such evidence except that given by the plaintiff himself, who, after having, upon his direct examination, testified in substance to a sale of the Haney note to the defendants, and that the note in suit was given as the consideration, then testified, on his cross-examination, as follows: "I saw Mr. William Willard, and asked him if he was owing Mr. Haney. He

said they would probably owe him about three hundred dollars soon. I told him I had a note which I indorsed with Mr. Haney, which I understood he would not pay, and I would like to sell it to him. He said he did not want any trouble with Mr. Haney. I told him I did not want him to have any, that I thought they could compel Haney to pay the note; that unless he could compel Haney to pay the note, he need not pay me. We went into his office and he gave me their note. That was all, at that time. The understanding was, that if they could not compel the payment of the Haney note, they were to come back to me. If Haney's note was not as good as money to them they were to come back on me. Nothing was said about suit. I did not say that unless they could collect Haney's note, I should not ask them to pay."

This testimony, I confess, at first struck me as tending to sustain in some measure the finding of the judge; and I am still in some doubt whether it might not be so considered. But when the direct and cross-examination are considered together, my brethren are of the opinion that the tendency of the whole is to show, that by the arrangement between the parties, defendants were not to pay their note given to the plaintiff, unless Haney would consent to pay them or allow the amount upon his claim against them, without suit, and without trouble, nor unless the note should turn out to be as good to the defendants as money; which it would not be, if, in order to get the benefit of it, they would have to either bring or stand a suit. There is much force in this; and I am inclined to think this view of the evidence is correct. I yield to this view the more readily because all the other evidence in the case tends strongly and clearly to show that the whole arrangement was such as is claimed by the defendants; and that it would be unjust to hold the defendants liable on their note, after it was found that Haney would not pay, or allow it to the defendants, without a law suit.

The judgment of the circuit court must therefore be reversed, and a judgment of this court must be entered for the defendants, with costs against the plaintiff.

The other Justices concurred.