116     43
[139  ²476

### KELLEY *v.* GUY.

1. PROMISSORY NOTES—WANT OF CONSIDERATION—EVIDENCE.
   Want of consideration for a note executed by defendant to
   decedent in her lifetime is established where it is shown that
   the note was executed merely as a memorandum of a previous
   transaction, whereby decedent paid to defendant the amount
   of the note in consideration of his agreeing to use the same
   in the construction of a house where she might make her
   home and receive maintenance and support, which agreement
   was carried out to the satisfaction of decedent.

2. SAME.
   A want or failure of consideration may always be shown in de-
   fense of an action on a note.

Error to Berrien; Coolidge, J.   Submitted January 4,
1898.   Decided March 1, 1898.

Trover by Samuel H. Kelley, administrator with the will
annexed of the estate of Maria A. Rowe, deceased, against
Juan M. Guy.   From a judgment for defendant, plain-
tiff brings error.   Affirmed.

Trover for the conversion of a promissory note for $500,
executed by defendant to Maria A. Rowe, dated October
25, 1893, and payable five years after date.   The case
made by the defendant's testimony is that Mrs. Rowe,
who was a sister of Mrs. Guy, came from her home in
Ohio, in the summer of 1893, to visit the defendant and
his wife at Benton Harbor.   She was anxious to secure a
home for the remainder of her life with her sister and her
husband.   It was finally agreed that the defendant should
build a house, that Mrs. Rowe should contribute $500 for
that purpose, and, in consideration therefor, should live
with, and be taken care of by, the defendant and his wife.
The house was built during that summer; the agreement
carried out; Mrs. Rowe had her home with, and was

taken care of by, the defendant until her death, in July,
1894. The entire arrangement rested in parol, and, when
Mrs. Rowe paid the money, Mrs. Guy proposed that her
husband execute a note to Mrs. Rowe, so that, if Mr. Guy
died first, she would have something to show that she had
let him have the money. Mrs. Rowe did not want the
note, but finally took it, placed it in an envelope, and
wrote on the outside, "Juan, take this." The evidence
justified the finding by the jury that this arrangement was
made, that it was carried out to the satisfaction of Mrs.
Rowe, that she did not want the note, that she wanted it
given up to Mr. Guy, and there was evidence tending to
show that she understood that he had taken it as she
directed. Soon after her death, defendant took the note
in the presence of others, and, after the appointment of
the administrator, told him the facts. He was satisfied of
their truth, did not include the note in the inventory of the
estate, and did not bring suit until compelled to by some
of the legatees. Verdict and judgment were for the
defendant.

*Samuel H. Kelley* (*Edward Bacon*, of counsel), *in
pro. per.*

*G. M. Valentine*, for appellee.

GRANT, C. J. (*after stating the facts*). It is con-
tended on behalf of the plaintiff that the consideration for
this note was money loaned, and that parol evidence was
inadmissible to show that the consideration was otherwise,
under the authority of *Phelps* v. *Abbott*, 114 Mich. 88,
and authorities there cited. It is contended by the de-
fendant that the note was given up to him by the deceased,
and that it was void for want of consideration. The court
instructed the jury that there was not sufficient evidence of
delivery to constitute a gift, but submitted the case to
them upon the theory that there was no consideration.

A want or failure of consideration may always be shown
in defense of a promissory note. If it were established

that the money which defendant obtained from Mrs. Rowe was the consideration for the note, plaintiff's position would be sound; but, according to the evidence on behalf of the defendant, this was not the consideration for the note, but was the consideration for defendant's agreement to build a house, and provide a home and maintenance for Mrs. Rowe, which agreement had been executed by him up to the time the money was paid and the note given. The $500 could not serve as a valid consideration for both agreements. If it was paid pursuant to the first agreement, then there was no consideration for the note.

We think the case was properly submitted to the jury. Judgment affirmed.

The other Justices concurred.