### GRAHAM *v.* ALEXANDER.

1. PROMISSORY NOTES — CONSIDERATION — ADVANCEMENT OF LEGACY.

   Where the amount of a promised legacy was advanced upon an understanding that interest should be paid during testator's lifetime, and the legatee's husband, in recognition of the obligation to pay interest, voluntarily, without request, gave testator his note for the amount, and paid interest thereon until testator's death, it was properly held, in an action by the administrator, that there was no consideration for the note.

2. WITNESSES — COMPETENCY — MATTERS WITHIN KNOWLEDGE OF DECEDENT.

   In an action by an administrator upon a note, the wife of defendant is not an "opposite party," within 3 Comp. Laws 1897, § 10212, precluding the opposite party from testifying to facts which, if true, must have been equally within the knowledge of deceased.

Error to Kent; Adsit, J. Submitted January 9, 1900. Decided March 6, 1900.

*Assumpsit* by Matthew A. Graham, administrator of the estate of Andrew Brown, deceased, against James G. Alexander, on a promissory note. From a judgment for defendant, plaintiff brings error. Affirmed.

*Carroll, Turner & Kirwin*, for appellant.

*Wylie & Clapperton*, for appellee.

MONTGOMERY, C. J. This is an action on a promissory note of $1,000, given by the defendant to the plaintiff's testator. The defense is failure of consideration. It appears by the findings, based upon testimony which in some of the most essential parts is uncontradicted, that defendant's wife, Nancy E. Alexander, was a niece of

decedent's wife, and lived in the family of decedent for many years; that, on her marriage, Mr. Brown and Mrs. Brown each gave her a bond of $1,000, payable out of his and her estate, respectively.   Shortly after this, defendant borrowed of Mr. Brown $500, and gave him his note for it.   In March, 1888, the interest on this note was remitted, and, on the 2d of April of the same year, the $500 note canceled, and $500 in a draft, were sent to Mrs. Alexander in a letter in Mrs. Brown's handwriting, purporting to be written on behalf of Mr. Brown, and saying:

"You will find inclosed in this letter $500.   Uncle says you can keep this five hundred and the other five hundred in payment of the thousand that he means to give you when he is gone, after his lifetime; you paying interest on it during his lifetime."

The matter rested here until, one year later, under a similar arrangement, and with the like purpose of anticipating the payment of $1,000 which Mrs. Brown expected to leave to Mrs. Alexander, she sent to Mrs. Alexander that sum.   At this time, and without any new consideration whatever, Mr. Alexander sent his note for $1,000 to decedent, and also a note of $1,000 to Mrs. Brown.   The notes were subsequently surrendered to Mrs. Alexander, and destroyed.   Mrs. Brown subsequently wrote to Mrs. Alexander that it was better to have notes, and new notes were sent, one of which is the note in question.   Upon this state of facts the court held that there was no consideration passing to defendant for the note in question, or for the note in lieu of which this note was given.   In this we think the court was clearly right.   The original note was given voluntarily, not on request of either Mrs. Alexander or Brown; no consideration passing from either to defendant.

It is contended, however, that the defense was made out by incompetent testimony.   The defendant's wife was an important witness, and testified to facts which were in some part within the knowledge of Mr. Brown.   It is insisted that she was not a competent witness as to such

facts, under section 10212, 3 Comp. Laws 1897. This contention cannot be sustained. Mrs. Alexander is not the opposite party to this action, within the meaning of this statute. It is true she assigned the bond, above referred to, to Mr. Alexander; but no recovery on that is sought. In the controversy as it relates to the note, and the recovery thereon, she is no more concerned than is the wife of any litigant in the result of a suit to which he is a party. It has always been understood that she is in such cases a competent witness in his behalf.

It is also claimed that there was error in admitting testimony of the defendant as to facts equally within the knowledge of decedent. The court appears to have confined the testimony of defendant to facts of which deceased had no direct knowledge. If in any instance there was a failure to do so, it was as to a fact which is fully proved by competent testimony, and no harmful error was committed.

It is also claimed that the testimony offered tended to contradict the terms of a writing, and was, therefore, incompetent. There would be force in this if there had been any consideration passing to defendant; but, under the finding, supported by evidence, there was none.

No prejudicial error is found, and the judgment will be affirmed.

The other Justices concurred.