HUBBARD *v.* FREIBERGER.

133    139
s94ᴺᵂ 727
133   ³212

133    139
134   ³393

133    139
138   ³579

133    139
d155  ³ 58
155     59

1. CONTRACTS—PUBLIC POLICY.

An undertaking read substantially as follows: " Return this coupon to A., dealer in buggies, with $15, for which he will deliver to you a book of four of these coupons. Sell these for $3.75 each, thereby getting your $15 back. Each of those to whom you sell a coupon sends to me, purchasing a book for himself. When your four coupons have been sent in, I have received $60, and you will be entitled to $60 worth of merchandise at my store, and it costs you but $3.75 and a few hours' work selling the coupons. The right to redeem all coupons at any time is hereby reserved; and, in case of the exercise of such right, parties holding the same shall be allowed the full value on the purchase price of any article in my establishment. Parties purchasing coupons and being unable to dispose of them will also be allowed face value, less amount paid for first coupon, on the purchase price of anything in my establishment. Coupons will not be redeemable in any other manner than as above specified." *Held*, against public policy.

2. BILLS AND NOTES—CONSIDERATION—VOID CONTRACT.

A contract void as against public policy furnishes no consideration for a promissory note.

3: JUSTICES' COURTS—PLEADING—FAILURE OF CONSIDERATION.

1 Comp. Laws, § 767,·relating to pleadings in justices' courts, provides that the plea of the general issue shall be in the same form as in the circuit court, and notice of any defense not admissible under the general issue shall be given with such plea. Sections 769 and 828, relating to the same subject, provide, in substance, that a failure or want of consideration, in whole or in part, may be shown in defense to an action on any contract; the latter section further providing that evidence of a partial failure or want of consideration shall not be admitted unless notice of such defense be given. *Held*, that the defense of a total failure of consideration is admissible under a plea of the general issue, without notice.

Error to Sanilac; Beach, J. Submitted December 2, 1902. (Docket No. 123.) Decided May 12, 1903.

*Assumpsit* by Frank W. Hubbard, John Ryan, and Harry A. Simpson, copartners as Frank W. Hubbard & Co., against Paul Freiberger and Jacob Meredith, on a promissory note. From a judgment for plaintiffs on verdict directed by the court, defendants bring error. Reversed.

*H. O. Babcock* and *J. S. Crandell*, for appellants.

*Bope & McNabb*, for appellees.

MONTGOMERY, J.   This is an action based on a promissory note for $15 given by defendant Paul Freiberger to another. The plaintiffs recovered a verdict by direction of the court. Judgment was entered upon this verdict, and defendants bring error.

The pleading on the part of the defendants was the general issue. On the trial the defendants offered to show that the sole consideration for this note was an engagement or contract given out by the payee, Oscar Auton, which, after reciting that, unless cash was remitted for coupon books, the goods would be held until the notes were paid, proceeded as follows:

"HOW TO OBTAIN A $60 BUGGY FOR $3.75.

"Return this coupon to Oscar Auton, Gagetown, Tuscola county, Michigan, dealer in buggies, wagons, and agricultural implements of all kinds, with $15, for which he will deliver to you a book of four of these coupons. Sell these coupons for $3.75 each, thereby getting your $15 back. Each of those to whom you sell a coupon sends to me, purchasing a book for themselves. When your four coupons have been sent in to me this way, you readily see I have received $60, and you will be entitled to $60 worth of merchandise at my store, and it costs you but $3.75 and a few hours' work selling the coupons.

"The right to redeem all coupons at any time is hereby reserved; and, in case Oscar Auton shall elect to redeem outstanding coupons, parties holding same shall be allowed the full value on the purchase price of any article in my establishment.

"Parties purchasing coupons and being unable to dis-

pose of them will also be allowed face value, less amount paid for first coupon, on the purchase price of anything in my establishment. Coupons will not be redeemable in any other manner than as above specified."

Defendants also offered to show that the plaintiffs, at the time of purchasing the note, knew of the scheme, and knew that the note in question was procured without consideration. This testimony was objected to on the ground that the pleadings were insufficient to admit the defense without special notice.

This presents the question, first, as to whether this undertaking of Auton is against public policy. We are constrained to hold that it is. It is somewhat similar to the Bohemian Oats scheme, the workings of which are described in *McNamara* v. *Gargett*, 68 Mich. 454 (36 N. W. 218, 13 Am. St. Rep. 355). It is a scheme which, upon its face, shows that it cannot be worked out without ultimately leaving parties with these so-called coupons on their hands, possessing no value, and is well calculated to deceive ignorant people. This engagement of Auton, furnishing as it does the only consideration for this note, and being in itself against public policy, is as though no contract existèd, and furnishes no consideration whatever. Clark, Cont. pp. 414, 440.

The statute relating to pleadings in justice's court (1 Comp. Laws, § 767) provides that:

"The pleadings in a suit before a justice of the peace may be either written or verbal, at the discretion of the party making the same, except in case of notice of title to land; when written, they shall be filed with the justice; when verbal, the justice shall enter in his docket the substance thereof; the declaration shall be sufficient on general demurrer if conformable at the time to the rules of pleading applicable to the circuit court; the plea of the general issue shall be in the same form as in those courts, and notice of any defense not admissible under the general issue shall be given with such plea; no special demurrer shall be allowed; pleas in abatement must be pleaded under oath, and the execution of a written instrument, filed with the justice, shall not be denied except under oath, as hereinafter provided."

Under this section, the general rules of pleading obtaining in the circuit court govern the practice in justices' courts, except in so far as the statute relating to justices' courts pleadings otherwise provides. But under the same title, "Of Pleadings and Set-Offs," it is enacted by section 769 as follows:

"A failure or want of consideration; in whole or in part, may be shown in defense to any action or set-off upon or arising out of any bond or promissory note or other instrument in writing, except negotiable notes, negotiated before falling due to any person not having at the time it was negotiated knowledge of such defense."

Under the title "Trial of Causes" it is provided by section 828 that:

" A failure or want of consideration, in whole or in part, may be given in evidence in any action or set-off upon or arising out of any contract, except negotiable instruments, negotiated before they became due to persons not having notice of such defense; in actions upon such contracts, evidence of a partial failure or want of consideration shall not be admitted, unless notice of such defense shall be given."

These two sections make very clear the legislative intent that the defense of a total failure of consideration should be admitted under a plea of the general issue and without notice.

The court was, therefore, in error in excluding this defense, and the judgment will be reversed, and a new trial ordered.

The other Justices concurred.