WARD v. REED.

1. PLEADING—APPEAL FROM JUSTICE'S COURT—NOTICE OF DEFENSE.
   The failure of a defendant to give the notice required by Cir. Ct. Rule 7, sub. *c*, with his plea filed in the circuit court to a suit begun in justice's court, will prevent his showing that the signature to the note upon which suit was brought was obtained by fraud, although, if the plea had been filed in the justice's court, the defense would have been admissible.

2. TRIAL—REMARKS OF COUNSEL.
   It is not proper for counsel to interject irrelevant remarks, calculated, if not designed, to prejudice the jury upon the merits of the case.

Error to Muskegon; Russell, J. Submitted June 10, 1903. (Docket No. 70.) Decided September 15, 1903.

*Assumpsit* by Horace Z. Ward against John O. Reed

upon a promissory note.   From a judgment for defendant, plaintiff brings error.   Reversed.

*Smedley & Corwin*, for appellant.

*Turner & Turner*, for appellee.

HOOKER, C. J.   Defendant was sued in an action of *assumpsit* in justice's court.   Upon the return day the plaintiff declared orally upon a promissory note filed with the court.   The defendant appeared specially, and objected to the jurisdiction of the court, and, these objections being overruled, took no further part in the proceedings, and plaintiff took judgment.   The cause was taken to the circuit by special appeal, and the questions raised by the special appeal were decided against defendant, who thereupon, under leave granted, pleaded the general issue, accompanying the plea with an affidavit denying that he signed or executed the note, or authorized any one to do so in his behalf.   Upon the trial a verdict of no cause of action was followed by an appropriate judgment, and plaintiff has brought error.

The defendant was allowed to show against objection that the signature to the note was obtained through fraud and deceit.   Had this action been commenced in circuit court, this proof would have been inadmissible for want of a notice of the defense relied on.   See Cir. Ct. Rule 7, sub. *c.* On the other hand, the case was begun in justice's court, and, had the plea of the general issue been filed there, the defense would have been admissible, although no notice had been attached.   See *Hubbard* v. *Freiberger*, 133 Mich. 139 (94 N. W. 727).   But, although it was commenced in justice's court, the defendant did not appear generally there.   He did appear in circuit, and filed a plea under leave there given.   In such a case we are of the opinion that the statutes cited in *Hubbard* v. *Freiberger* do not apply, and he was required to plead in conformity to the rule of the circuit court.   The testimony

was improperly admitted, and the cause must be reversed for this reason.

Complaint is also made of the remarks of counsel, and, we think, justly. It is not proper to interject irrelevant remarks, calculated, if not designed, to prejudice the jury upon the merits of the case. A litigant has a right to a fair trial, and such conduct is unfair, and should be promptly suppressed. Nearly every term of court some case is presented where this practice has been indulged in, and we are sometimes forced to think that there is method in it, and that the reluctance of the court to reverse cases, for reasons not clearly shown to have done injury, is presumed upon, though in most cases (as in the present) we are charitable enough to ascribe it to overzeal, heat, or provocation by opposing counsel. The practice is not ethical, and should be avoided.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.