NOWACK v. LEHMANN.

BILLS AND NOTES—CONSIDERATION.

> Where a trustee, on paying money to another as a gift from his beneficiary, takes a promissory note to keep as a voucher, the note is without consideration and unenforceable.

Error to Menominee; Stone, J.  Submitted January 5, 1905.  (Docket No. 15.)  Decided March 28, 1905.

Assumpsit by Ferdinand C. Nowack against William Lehmann upon a promissory note.  There was judgment for defendant, and plaintiff brings error.  Affirmed.

This suit is brought to recover upon a promissory note dated December 4, 1893, executed by the defendant, payable on or before two years from date, to plaintiff, trustee, with interest at 6 per cent. per annum.  With the plea of the general issue defendant gave notice of want of consideration, and that the note was executed for a special purpose, set forth in the notice, to the effect that plaintiff and Robert Nowack are sons of Gottlieb Nowack, deceased; that plaintiff had full charge of and transacted his father's business; that the father had $6,000 in cash, which plaintiff had loaned to the Menominee River Brewing Company; that Robert Nowack is the son-in-law of the defendant; that in 1893 Robert and his wife desired to purchase a home, so that Gottlieb might live with them; that Gottlieb agreed to give his son Robert $1,000 for the purchase of said home, and would pay the same in October, 1893, when the money was due from the brewing company; that Robert informed the defendant of this agreement; that it was then agreed between Robert and defendant that defendant should purchase the home, take the deed in his own name, convey the same to Robert,

and that as soon as Robert obtained his money from his father he would pay it to defendant; that said brewing company paid the money to the plaintiff, as trustee for his father; that on December 4, 1893, plaintiff delivered to the defendant said $1,000, saying: "Here is the money for Robert. I want a note for this, so that I can show my father in settlement with him what I have done with the money;" that Robert was then away from home, working in the woods; that it was agreed that defendant should sign the note, and that Robert's wife should indorse it, which she did; that the note so indorsed was delivered to the plaintiff, to be used by him for the specific purpose of showing his said father what he had done with the money, and that it was not executed and delivered as a promissory note.

This suit was brought in April, 1901. The father died January 9, 1897. The defendant gave evidence to sustain his claim. Plaintiff gave evidence in denial. The court instructed the jury that the defendant could not show that this was not a promissory note, but could show what, as between the original parties, the understanding at the time was as to the consideration, and whether it was given for the specific purpose mentioned. The evidence on behalf of defendant shows that the father intended to give to each of his sons $1,500 and to each of his daughters $1,000; that he had given $500 to Robert before the execution of the note, and that the money paid the defendant by plaintiff was the money of the father.

*B. J. Brown,* for appellant.

*W. H. Phillips,* for appellee.

GRANT, J. (*after stating the facts*). If the instruction of the learned circuit judge could be fairly construed as holding that it was competent for the jury to find that a promissory note delivered and received as a promissory note was in fact intended as a receipt, we should doubt the soundness of the instruction. *Billings* v. *Billings,* 10

Cush. (Mass.) 178; *Dickson* v. *Harris,* 60 Iowa, 727; *Phelps* v. *Abbott,* 114 Mich. 88.   But the instruction, which is necessarily somewhat lengthy, read as a whole, informed the jury that it was competent to show a want of consideration, and that they must find that there was no consideration in order to find for the defendant.   Under the instruction the jury could not have reached the conclusion they did upon any other basis than that the plaintiff delivered the money to the defendant not as his own money nor as a loan for his father, for whom he was trustee, but under the instructions from the father to pay it over to the defendant as a gift to his son Robert.   This was the sole claim of the defendant.   There was ample evidence to sustain it.   If this was the true state of affairs —and the jury must have found that it was—it follows that there was no consideration for the note.   The case falls within the principle laid down in *Lovell* v. *Willard,* 28 Mich. 346; *Macomb* v. *Wilkinson,* 83 Mich. 486; *Kelley* v. *Guy,* 116 Mich. 43; *Graham* v. *Alexander,* 123 Mich. 168.

Judgment affirmed.

MOORE, C. J., and MCALVAY, BLAIR, and HOOKER, JJ., concurred.