FIFTH AVENUE LIBRARY SOCIETY *v.* HASTIE.

1. JUSTICES OF THE PEACE—PLEADING—SPECIAL DEFENSES.
   In an action brought in justice's court on a written contract for the sale of books which contained the statement: "No agreement is valid other than as embodied in this contract," the books having been received and retained by defendant, testimony tending to show that the contract was obtained by misrepresentation, and that there was a partial failure of consideration, was not admissible without a notice of the special defense; sections 767, 769, 828, 1 Comp. Laws, providing, in effect, that a total failure of consideration can be shown under the plea of the general issue, without notice, not being applicable.

2. COMMERCE—INTERSTATE COMMERCE—FOREIGN CORPORATIONS—SALE OF GOODS—LAW APPLICABLE.
   An order for books signed in Detroit, not subject to countermand or cancellation, contemplating payment in Detroit, but directed to plaintiff in New York, and contemplating that plaintiff will subsequently deliver the books, which was in fact done, was within the protection of the commerce clause of the Federal Constitution, and plaintiff, a foreign corporation, could maintain an action thereon in our courts, though it had not complied with our registration act, Act No. 206, Pub. Acts 1901.

Error to Wayne; Rohnert, J. Submitted October 13, 1908. (Docket No. 49.) Decided December 14, 1908.

Assumpsit by the Fifth Avenue Library Society against William G. Hastie for goods sold and delivered. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*Henderson & Martindale,* for appellant.

*Clark, Jones & Bryant,* for appellee.

MOORE, J. This case was originally commenced in justice's court. Plaintiff declared on all the common counts

and on a written contract.  Defendant filed a plea of the general issue.  The case was tried in justice's court, and a judgment rendered in favor of the plaintiff, from which judgment defendant took an appeal to the circuit court. The case was tried by a jury.  A verdict was directed for the plaintiff for $41.25, the amount of the claim.  The case is brought here by writ of error.

We quote from the brief:

"Appellant's assignments of error raise but two questions for this court to determine:

"*First.* Is the evidence offered by defendant and appellant admissible under the pleadings in the case? and,

"*Second.* Is the contract a contract made in Michigan, and is plaintiff and appellee prohibited from bringing suit thereon by reason of the statute governing the conduct of business in Michigan by foreign corporations?"

The contract upon which suit was brought is as follows:

"No agreement is valid other than as embodied in this contract.

"Detroit, Mich., January 27, 1905.
"Fifth Avenue Library Society,
"258–260 Fifth Avenue, New York.

"*Gentlemen:*  Please deliver to me one set edition De Luxe the Ridpath Library of Universal Literature, in twenty-five volumes, bound in half leather, deckle edge, for which I agree to pay you $49.50, payable as follows: $12.00 down, and balance, $37.50 in 30 days from delivery of books.  The title to said books does not pass to me until they are paid for in full.  I understand this order is not subject to countermand or cancellation.  You are at liberty to consult as to my reputation for keeping business promises Mr. William F. Metcalf, address Corner Rowena & Woodward.

"Paid to salesman on acct. $12.00.

[Subscriber's Signature]  "William G. Hastie."

The books were soon afterwards received by defendant, and he had them at the time of the trial.  After he received the books, defendant wrote a letter, a part of which is as follows:

"DETROIT, 585 12th St. Feb. 28, 1905.

"C. S. GOODWIN,

"Pres. International Mag. Ass'n.

"*Dear Sir:* I received the volumes of the Ridpath Library some time ago, and have been reviewing them from time to time. To speak frankly, this work is a great disappointment to me. A few of my reasons are as follows: A work of this magnitude and price should contain only the 'Immortals' in literature.  *   *   *

"You know the terms your agent made with me. I refuse to fulfill that contract. Were you to give me these volumes for a recommendation alone, I would refuse to give it. You have some money of mine. I have the books. The matter rests with you.

"Yours truly,

"W. G. HASTIE."

Upon the trial, counsel sought to show the contents of an advertisement, in relation to the books, defendant had read before he gave his order, and also the conversation between himself and the agent who solicited the order, which advertisement and representations were to the effect that the books contained all of the greatest literary writings of the century, and had been edited by John Clark Ridpath, a well-known literary man, and that defendant, assuming these representations were true, had entered into the contract. The court excluded this testimony as not admissible under the pleadings.

It is now said that what was attempted to be shown amounted to a total failure of consideration, citing *Colbath* v. *Jones*, 28 Mich. 281, *Perkins* v. *Brown*, 115 Mich. 41, *Hubbard* v. *Freiberger*, 133 Mich. 139, and *Ward* v. *Reed*, 134 Mich. 393. Section 767, 1 Comp. Laws, provides, as to pleadings in the justices' courts, that—

"The plea of the general issue shall be in the same form as in those [the circuit] courts and notice of any defense not admissible under the general issue shall be given with such plea."

Section 769, 1 Comp. Laws, provides:

"A failure or want of consideration in whole or in part,

may be shown in defense, to any action or set-off, upon or arising out of any bond or promissory note or other instrument in writing, except negotiable notes, negotiated before falling due, to any person not having at the time it was negotiated, knowledge of such defense."

It is further provided by section 828, 1 Comp. Laws:

"A failure or want of consideration, in whole or in part, may be given in evidence, in any action or set-off upon, or arising out of, any contract, except negotiable instruments, negotiated before they became due, to persons not having notice of such defense; in actions upon such contracts, evidence of a partial failure, or want of consideration, shall not be admitted, unless notice of such defense shall be given."

The cases cited by counsel are to the effect that, when the three sections are read together, the construction to be given them is that in justice's court a total failure of consideration can be shown under the plea of the general issue without notice. But none of them establish the proposition that, in actions upon a contract like the one sued upon, evidence of a partial failure or want of consideration can be admitted unless notice of such defense is given. The contract itself contained the statement: "No agreement is valid other than as embodied in this contract." The books were received by defendant. They were retained by him at the time of the trial. The most that can be said of the offered testimony is that it tended to establish that the contract was obtained by misrepresentation, and that there was a partial failure of consideration. These defenses require notice to be given. See *Hubbard* v. *Freiberger*, supra.

2. Is the contract a contract made in Michigan, and is the plaintiff prohibited from bringing suit thereon by reason of the statute ? Plaintiff is a New York corporation, and had never filed a certified copy of its articles of association with the secretary of State, and had never paid into the State treasury a franchise fee. Section 1, Act No. 206, Pub. Acts 1901, provides:

"It shall be unlawful for any corporation organized under the laws of any State of the United States * * * to carry on its business in this State, unless it shall first have filed, or recorded, or both filed and recorded, as the law may require, in the office of the secretary of State, a certified copy of its charter or articles of incorporation, and evidence of appointment of an agent in this State to accept service of process, and have paid to the secretary of State the requisite filing and recording fees and franchise fees. * * * No foreign corporation, subject to the provisions of this act, shall maintain any action in this State upon any contract made by it in this State after the taking effect of this act, until it shall have fully complied with the requirements of this act, and procured a certificate to that effect from the secretary of State."

Section 6 of said act further provides that the provisions of this act shall not be applicable to the sale of goods or merchandise which would be protected by the rights of interstate commerce. It is insisted the contract was signed in Detroit; that the payment made thereon was in Detroit; that the contract is not subject to countermand or cancellation, and is within the statute. The order is directed to the plaintiff in New York. It contemplates that plaintiff will deliver the books subsequent to the giving of the order. This was in fact done. The case is controlled by *Coit & Co.* v. *Sutton*, 102 Mich. 324 (25 L. R. A. 819); *People* v. *Bunker*, 128 Mich. 160; *City of Muskegon* v. *Hanes*, 149 Mich. 460.

Judgment is affirmed.

GRANT, C. J., and BLAIR, HOOKER, and McALVAY, JJ., concurred.