EAST SIDE TRUST & SAVINGS BANK v. McGINNIS.

1. PLEADING—ADMISSIONS — MATTERS NOT WITHIN ISSUE — COURT RULES.

In an action on a note given for corporate stock, a corporation plaintiff may not invoke Circuit Court Rule No. 23, § 6, providing that any statement of fact set forth in a notice added to a plea shall be treated as an admission by the defendant, and may not avail itself of a statement in such plea that plaintiff was involved in financial difficulty and its affairs were placed in the hands of a trustee or receiver for liquidation where the declaration simply consists of the common counts by a payee against a maker of a promissory note and nowhere refers to the insolvency of plaintiff or the fact that it was engaged in liquidation.

2. BILLS AND NOTES—CONSIDERATION—DEFENSES—EVIDENCE.

A want of consideration may always be shown in defense of a promissory note upon suit between the original parties.

3. SAME—CONSIDERATION—CORPORATIONS.

There is no consideration for a note for stock given merely to enable a corporation to obtain its charter, contrary to law.

4. SAME—CONSIDERATION—PUBLIC POLICY.

A contract void as against public policy furnishes no consideration for a promissory note.

Error to Bay; Houghton, J.   Submitted June 14, 1917.   (Docket No. 48.)   Decided July 26, 1917.

Assumpsit by the East Side Trust & Savings Bank against Francis F. McGinnis for the amount of a promissory note.   Judgment for defendant on a directed verdict.   Plaintiff brings error.   Affirmed.

*Gilbert W. Hand* and *Karl V. Fischler*, for appellant.

*Arthur Otto* and *James Donnelly*, for appellee.

STONE, J.   The plaintiff is a loan and trust company, located at Hammond, Ind., organized under an act of the general assembly of the State of Indiana (Laws 1893, chap. 161), entitled.

"An act to authorize the organization and incorporation of loan and trust and safe deposit companies, and defining their powers, rights and duties," etc.

The declaration is upon the common counts in assumpsit, to which was attached, under the usual notice, a copy of a promissory note made by the defendant, reading as follows:

"$500.00.                    HAMMOND, IND., Dec. 24, 1913.

"Nine months after date, I promise to pay to the order of East Side Trust & Savings Bank, at East Side Trust & Savings Bank, Hammond, Indiana, five hundred dollars ($500).

"For value received, with interest at the rate of 6 per cent. per annum from date, payable semiannually, with reasonable attorneys' fees, without relief from valuation and appraisement laws.   The drawers and indorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note.   In default of payment of interest when due the whole amount of this notice shall thereupon become due and payable.

"F. F. McGINNIS."

The plea was the general issue, with a lengthy notice

setting forth that the note was given upon an illegal consideration and agreement, and was a violation and avoiding of the provisions of the banking laws of the State of Indiana by the plaintiff; that said note was given purely as an accommodation by defendant to plaintiff, at the request and solicitation of its officers, to enable plaintiff to procure a charter under the laws of Indiana and begin business; that said note was executed and delivered without consideration of any kind, or without any value whatever at any time or in any way coming to the defendant therefrom; that defendant never paid any interest or charges of any kind on said note, either upon the original or renewal note, and was never asked by plaintiff or its officers to pay any interest or charges of any kind upon the said note, and no demand by plaintiff or any one in its behalf was ever made upon defendant to pay said note or any part thereof, until plaintiff became bankrupt, or involved in financial difficulty, and its affairs were placed in the hands of a trustee or receiver for liquidation; that under the banking and other statutes of Indiana said note is absolutely void. For these and other reasons it is claimed that said plaintiff cannot maintain this action.

The record shows that the plaintiff was organized and commenced business in the month of November, 1912; that it purported to have an authorized capital stock of $25,000; that at that time the defendant was a resident of Hammond, and was solicited by the promoters of the plaintiff to subscribe for capital stock of the bank; that defendant declined to subscribe, claiming that he was unable to do so. He was finally induced to give the promissory note to enable the officers of the plaintiff corporation to make a certificate that the capital stock had been all paid in. It is practically undisputed that at the time of the making of the note by the defendant it was agreed between

him and the promoters that he should not be called upon to pay said note, but that it should be treated as an accommodation paper and carried by the bank until such time as they could sell five shares, of $100 each, of the capital stock of the bank which remained unsubscribed. It also appears that the defendant, at the time he signed the original note, of which this is a renewal, was induced to place his name on the back of a blank certificate of stock then remaining in the stockbook, he having refused to subscribe for any stock, and there is no evidence in the record that he ever authorized the filling up or the issuance of said certificate to him. It appears, however, that the certificate was later filled up as though issued to the defendant, and remained in the possession of the plaintiff; it never having been delivered to the defendant, who claims never to have been a stockholder of the plaintiff corporation.

Soon after the note was signed, the plaintiff, through its board of directors, filed a certificate with the proper officers, certifying that it had completed its organization, elected its officers, filed its articles of incorporation with the secretary of State, and that the capital stock had been paid in cash as required by section 5 of the act authorizing the organization. The evidence is also undisputed that all of the above facts came to the knowledge of the directors soon after the making of the original note. The original note not having been paid at its maturity, the defendant, at the request of the plaintiff, made a renewal note, which is the note here sued upon; that such renewal note was made because plaintiff represented that it could not carry overdue notes.

There is a claim made by the plaintiff that it is in the course of liquidation, and that this suit is brought in the interest of its creditors. There is nothing in the pleadings or in the evidence to indicate that the

plaintiff was in the course of liquidation when this suit was brought, and there is nothing in the evidence showing that it has ever brought itself within the provisions of the statutes of Indiana authorizing the voluntary liquidation of such companies. Our attention is directed to Act No. 267 of the Public Acts of Indiana for the year 1913. The first section of that statute provides that any loan and trust and safe deposit company organized under "An act to authorize the organization and incorporation of loan and trust and safe deposit companies, and defining their powers, rights and duties and other matters connected therewith" (approved March 4, 1893), may, upon petition of its owners holding 80 per cent. of its capital stock, go into voluntary liquidation. Said petition shall be filed with the auditor of State of Indiana, and upon the filing of said petition, as aforesaid, said auditor of State shall cause to be made an examination of the business of said company by the banking department of his office. If said auditor shall find from said examination that said company is solvent, and has sufficient assets with which to pay all of its depositors and its other liabilities, he shall at once enter an order directing the others of said company, without delay, to liquidate its business and settle up all of its affairs by paying, *first*, all of its depositors in full; and, *second*, after all of its other liabilities are fully liquidated and paid, they shall pay out and distribute all of the remaining assets of the company, share and share alike, to the owners of its capital in proportion to the shares of the capital stock of said company respectively owned by them.

There is no allegation nor evidence in this record showing that the auditor of State ever took any action or entered any order directing the officers of the plaintiff to liquidate its business. For aught that appears in this record, this plaintiff is a solvent corporation,

and is suing as the payee of this promissory note. There is no evidence that a receiver has ever been appointed, or that any court has been applied to for the appointment of such receiver, as required by the statutes of Indiana in cases of insolvent corporations. The statute of the State of Indiana providing for the organization of such corporations contains a provision that no such corporation shall be authorized to transact any business or exercise any powers as such until the whole of its capital stock, where the same does not exceed $100,000, shall have been subscribed and paid in; and it provides for the filing of the certificate to that effect, hereinbefore referred to.

The trial resulted in a directed verdict and judgment for the defendant; and in the course of its charge the court, in speaking of the certificate which was filed upon the organization of the plaintiff, said:

"Now, that application and that certificate to the State was unlawful; it was untrue, because these five shares of stock were not paid for. Under the laws of Indiana that note was absolutely void; when given for the purpose for which it was given, it was absolutely void; the stock was not paid for; the representation by the board of directors of that bank to the State was at least constructive fraud upon the State in obtaining from the State their charter on which to do business.

"It is fundamental in law that two parties, or where two parties perpetrate a wrong, neither one can enforce against the other and profit by it. Under the law, if the bank in this instance was a going concern, the proposition that is put before the court in this case could not maintain an instant, because the officers of the bank, in endeavoring to enforce payment of a note that was given without any consideration, and was given and accepted as an absolutely void and illegal transaction, could not possibly be in force. The testimony shows in this case that the note was without any consideration, that the defendant received nothing in consideration for his note. The only serious contention in this case is by the plaintiff that the general rules of equitable

estoppel estop the defendant from asserting a claim or asserting any such defense. The note was some months overdue before the bank became—before the change was made, and before any attempt of liquidation was instituted.

"It is the charge of this court that since the note was without any consideration whatever, and the directors of the bank under the laws of that State perpetrated a constructive fraud upon the State, and by that act, if any loss was sustained by their conduct, that they would be individually liable for anybody injured to the extent of the injury, and that in this case the total failure of consideration may be shown, and in view of that fact I am constrained to direct you to bring in a verdict of no cause of action."

The plaintiff has brought the case here upon writ of error, and by its assignments of error claim that the court erred in permitting the defendant, over the objection of the plaintiff, to testify to the alleged agreement under which he signed the note, and put his name on the back of the certificate of stock in question, claiming that the defendant was estopped from so testifying, and that the court erred in refusing to direct a verdict for the plaintiff at the close of the proofs, and that it erred in its charge in the language above set forth.

It is also urged by the appellant that under the admission in the notice attached to the plea the defendant had admitted that the plaintiff was "involved in financial difficulty and its affairs were placed in the hands of a trustee or receiver for liquidation," and section 6 of Circuit Court Rule No. 23 is relied upon as the basis of this claim. It is sufficient answer to this to say that, the declaration nowhere having referred to the insolvency of the plaintiff, or the fact that it was engaged in liquidation, but consisted simply of the ordinary declaration upon the common counts by a payee against a maker of a promissory note, the plaintiff is in no position to invoke the aid of the rule

in question, as such matter was wholly immaterial and foreign to the issue. The negotiable instrument act of the State of Indiana is the same in substance as our act, and contains the following provision (Burns' Ann. Stat. 1914, § 9089c 1):

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

We are of opinion that the trial court did not err in directing a verdict for the defendant, and well might have placed its decision upon the sole ground of want of consideration. A want of consideration may always be shown in defense of a promissory note upon suit between the original parties. We think the following cases are controlling of the instant case upon the subject of want of consideration: *Lovell* v. *Willard*, 28 Mich. 346; *Teed* v. *Marvin*, 41 Mich. 216 (2 N. W. 20); *Macomb* v. *Wilkinson*, 83 Mich. 486 (47 N. W. 336); *Kelley* v. *Guy*, 116 Mich. 43 (74 N. W. 291); *Graham* v. *Alexander*, 123 Mich. 168 (81 N. W. 1084); *Nowack* v. *Lehmann*, 139 Mich. 474 (102 N. W. 992); *Fanning* v. *Insurance Co.*, 37 Ohio St. 339 (41 Am. Rep. 517).

There is authority to sustain the position that, the note having been given solely to enable the plaintiff to obtain its charter, contrary to the provisions of the statute, there was no consideration for the note. *Coddington* v. *Canaday*, 157 Ind. 243 (61 N. E. 567). This court held in *Hubbard* v. *Freiberger*, 133 Mich. 139 (94 N. W. 727), that a contract void as against public policy furnishes no consideration for a promissory note.

This note being void as between the original parties,

and this suit having been brought, not in the interest of creditors, but in the plaintiff's own right as payee, the plaintiff was not entitled to recover under any view of the case as presented by this record, and the judgment of the court below is affirmed.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. FELLOWS, J., did not sit.