KEATING v. HICKS.

1. PLEADING—FRAUD—ADMISSION—COURT RULE.
   Where, in action for damages for alleged fraud in sale of shares of stock, defendant's answer to certain paragraph stated that defendant did not make representations of fact therein charged, it could not be treated as admission under Court Rule No. 23, § 2 (1931).

2. FRAUD—PLEADING—DIRECTED VERDICT.
   In action at law for damages for alleged fraud in sale of shares of stock, where defendant's answer denied fraud, and plaintiff failed to offer proof of falsity of alleged misrepresentations, verdict was properly directed for defendant.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 7, 1933. (Docket No. 29, Calendar No. 37,108.)  Decided August 29, 1933.

Case by Thomas F. Keating against Ernest D. Hicks for damages for fraud in the purchase of shares of corporate stock. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*S. Brooks Barron* (*Samuel W. Leib*, of counsel), for plaintiff.

CLARK, J.  In this action at law for damages for fraud in the sale of shares of stock, defendant had directed verdict and judgment thereon.  Plaintiff

has appealed. The following from plaintiff's notice of appeal:

"Plaintiff did not introduce testimony proving the falsity of the alleged misrepresentations for the reason that defendant's answer to paragraph 4 failed to specifically deny the falsity of said misrepresentations and further failed to set forth the substance of the matters relied upon to support said denial. Thus defendant failed to comply with Court Rule No. 23, § 2 (1931). The case should therefore have been submitted to the jury on the proofs as submitted and admissions as made."

Paragraph four of the declaration averred:

"That all of said above-mentioned representations were false and known to be false by said defendant."

The answer to paragraph four:

"Answering paragraph 4 of plaintiff's declaration, that the defendant did not make the representations of fact therein charged, and, therefore, did not know they were false."

And the answer is further replete with denials of the fraud and misrepresentations averred. Such answer could not be treated as an admission.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.