CITY FINANCE COMPANY *v.* BALDWIN.

1. NEW TRIAL—FAILURE TO PRESENT MATTERS AVAILABLE AT TRIAL.
   Matters offered in connection with a motion for a new trial, which were available but not availed of by plaintiff at trial, cannot afford a basis for a new trial and are not considered by the Supreme Court on appeal in reviewing determination of trial court that plaintiff had failed to prove its case.

2. FRAUD—PLEADING—ADMISSIONS.
   Even though an answer deny a plaintiff's charges of fraud without sufficiently setting forth the substance of the matters to be relied upon to support the denial, such answers do not constitute an admission supporting plaintiff's charges of fraud.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, New Trial, § 161.
[2] 43 Am Jur, Pleading, § 190 *et seq.*
[5] 14 Am Jur, Costs, § 92.

3. SAME—CONDITIONAL SALE CONTRACT—EVIDENCE.

Evidence adduced in finance company's action against partners engaged in used car business and their employee for fraud in connection with plaintiff's purchase without recourse of partners' interest in a conditional sale contract *held,* insufficient to support plaintiff's charges of fraud.

4. SAME—CONDITIONAL SALE CONTRACT—EVIDENCE—PLEADINGS.

In finance company's action against partners engaged in used car business and their employee for fraud in connection with plaintiff's purchase without recourse of partners' interest in conditional sale contract executed by the employee, admissions in latter's separate answer, if any, were not binding upon the partners and since neither the pleadings, proofs nor contract disclose representations made by the employee, judgment in his favor was proper.

5. COSTS—BRIEF.

No costs are allowed a defendant who filed no brief on appeal.

Appeal from Jackson; Simpson (John), J. Submitted October 5, 1949. (Docket No. 21, Calendar No. 44,517.) Decided December 7, 1949.

Case by City Finance Company, a corporation, against Leo L. Baldwin and others for damage caused by alleged fraud and deceit. Judgment for defendants. Plaintiff appeals. Affirmed.

*John J. Gallagher,* for plaintiff.

*Dahlem & Dahlem,* for defendant Baldwin.

*Herbert N. Heuman,* for defendant Harpool.

DETHMERS, J. Complaining against defendants in a plea of trespass on the case, plaintiff's declaration alleges that defendants Baldwin and Harpool were copartners engaged in the used car business, that defendant Bartig was their employee, that the partners caused Bartig to execute a conditional

sales contract, for the purchase of a car, containing representations, relied upon by plaintiff in its purchase of the contract from the partners, which were false in that the partners had not actually sold a car to Bartig nor had he made a down payment thereon as represented in the instrument, and that the serial and motor numbers of the car had been deliberately transposed in the contract for the purpose of deceiving plaintiff. The answers of defendants Baldwin and Harpool denied plaintiff's allegations of fraud. Bartig's answer denied the allegation that no car had been sold to him and alleged that he had previously loaned the partners $1,000 in payment of which loan the partners turned over to him the car; that they needed to finance the deal, for which reason he had signed the contract, which the partners had agreed to pay; and that the transposition of numbers occurred without his knowledge.

On trial before the court without a jury plaintiff adduced proofs to show its purchase of the contract (without recourse) from the partners, the payments made and balance due thereon, that plaintiff's manager had seen Bartig drive the car in question, and that the records of the secretary of State failed to disclose as registered a motor vehicle with the motor and serial numbers set forth in the contract. This, in substance, constituted the whole of plaintiff's proofs. The trial court found no proofs to establish a case of fraud and entered a judgment of no cause for action. Plaintiff appeals.

The trial court properly held that matters offered in connection with a motion for new trial, which were available to but not availed of by plaintiff at trial, cannot afford a basis for a new trial. Likewise, we do not consider them in reviewing the trial court's holding that plaintiff proved no fraud. The answers of defendants Harpool and Baldwin, which plaintiff claims did not sufficiently set forth the sub-

stance of matters to be relied upon to support the denial, cannot be held to constitute admissions of plaintiff's charges of fraud (*Keating* v. *Hicks*, 264 Mich 361) and plaintiff's proofs failed to establish them. Admissions in Bartig's answer, if any, are not binding upon Baldwin and Harpool, and neither the pleadings, proofs nor the contract disclose any representations made by Bartig.

Judgment affirmed. Costs to defendants, except defendant Bartig, who filed no brief on appeal.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.