TRAVERSE CITY STATE BANK v CONAWAY

JOINT TENANCY—HUSBAND AND WIFE—JUDGMENT—ENTIRETIES PROPERTY—EXECUTION.

Property owned by a husband and wife as tenants by the entireties or as joint tenants remains subject to a joint judgment against them on a note signed by both the husband and the wife and signed by the wife only as an accomodation to her husband regardless of the husband's discharge in bankruptcy, because a married woman who signs a written instrument as an accommodation to her husband, subjects to execution property held by the entireties or jointly (MCLA 557.51 *et seq.*).

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 December 7, 1971, at Grand Rapids. (Docket No. 10542.) Decided January 19, 1972.

Complaint by Traverse City State Bank against John E. and Marion R. Conaway for monies due on a note. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTE

41 Am Jur 2d, Husband and Wife § 213 *et seq.*

*Murchie, Calcutt & Brown* (by *Dennis L. Huntley*), for plaintiff.

Before: R. B. Burns, P. J., and Fitzgerald and V. J. Brennan, JJ.

R. B. Burns, P. J. The defendants, husband and wife, signed a note as makers in return for a $9,843-.75 loan from plaintiff bank. All of the money was to be used in a business operated exclusively by the husband, John Conaway. The wife, Marion Conaway, received no separate consideration and signed as an accommodation to her husband. Subsequent to the execution of the note, but prior to institution of suit by plaintiff, John Conaway was adjudged bankrupt and was individually discharged.

Both plaintiff and defendants submitted the case to the trial judge on stipulated facts and moved for summary judgment. Although the plaintiff asked for a joint judgment against the defendants restricting execution to entireties and joint property, the trial judge in his opinion stated:

"The only issue of law then before the court is, 'Is the defendant wife liable for the repayment of the above note when she received no separate consideration, nor did she intend to mortgage or pledge her separate estate to secure the repayment thereof?' "

A judgment was entered dismissing the case against John E. Conaway and Marion R. Conaway but neither the opinion nor the judgment reach the critical issue of joint liability.

Property owned by Marion and John Conaway as tenants by the entireties or joint tenants remains subject to a joint judgment against them regardless of Mr. Conaway's discharge in bankruptcy. *Kolakowski* v *Cyman,* 285 Mich 585 (1938).

By virtue of 1917 PA 158; MCLA 557.51 *et seq.;*
MSA 26.181 *et seq.,* a married woman who signs a
written instrument as an accommodation to her
husband, subjects to execution property held by the
entireties or jointly. *Ann Arbor Construction Co* v
*Glime,* 369 Mich 669 (1963); *Benjamin* v *Bondy,* 322
Mich 35 (1948); *Rossman* v *Hutchinson,* 289 Mich
577 (1939).

The trial judge erred. A judgment should have
been entered for the plaintiff against the defendants
jointly with execution limited to entireties and joint
property.

Reversed and remanded to the trial court for en-
trance of a judgment in accordance with this opin-
ion.

All concurred.