KLIMMER v KLIMMER

1. BILLS AND NOTES—PROMISSORY NOTES—DEFENSES—LACK OF CONSIDERATION.

Lack or failure of consideration is a good defense against any person not a holder in due course in a suit on a promissory note.

2. JUDGMENTS—DEFAULT JUDGMENTS—ADMISSIONS—CODEFENDANTS.

An admission predicated upon a default judgment only operates against the particular party who defaults; it does not bind a codefendant who appears and contests the litigation.

Appeal from Branch, Charles L. Falahee, J. Submitted November 4, 1975, at Grand Rapids. (Docket No. 23553.) Decided December 10, 1975.

Complaint by Eithel Klimmer against Gerald Klimmer and Barbara Klimmer to enforce a promissory note. Summary judgment for plaintiff. Defendant Barbara Klimmer appeals. Reversed and remanded.

*John M. Jereck,* for plaintiff.

*Dajos & Goodwin,* for defendant Barbara Klimmer.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant Barbara Klim-

mer appeals from an order granting partial summary judgment for plaintiff.

On May 2, 1974, plaintiff sued her son, Gerald Klimmer, and his wife, Barbara Klimmer, for $12,000 allegedly loaned to them, plus interest. The complaint alleged that on or about December 31, 1962, plaintiff loaned the defendants $7,000, which had not been repaid. A copy of a promissory note for that amount, plus interest, signed by both Gerald and Barbara Klimmer was attached to the complaint.

On June 10, 1974, defendant Barbara Klimmer answered and denied having borrowed any money whatsoever from plaintiff and denied having borrowed $7,000 or any other amount on or about December 31, 1962. She admitted that she signed the promissory note at the request of her husband. She alleged, however, that neither she nor Gerald Klimmer received any consideration for the note.

On July 2, 1974, defendant Gerald Klimmer was defaulted. Plaintiff then moved for partial summary judgment as to the $7,000 note on the grounds that defendant Barbara Klimmer had failed to state a valid defense to the plaintiff's claim with respect to the note, GCR 1963, 117.2(2). Defendant Barbara Klimmer responded that, although defendants signed the note, no consideration was received by either defendant and that lack of consideration stated a valid defense to plaintiff's claim on the note.

In a written opinion the trial court granted plaintiff partial summary judgment. With regard to the defense of lack of consideration, the court found defendant Barbara Klimmer bound by the default judgment taken against Gerald Klimmer:

" * * * Barbara Klimmer does not deny signing the

note, however, she claims that she did not receive any consideration for her signature, and she further claims that her husband at the time, Gerald Klimmer, didn't receive any consideration. Gerald Klimmer did not file an appearance in the case and a default judgment has been taken against him.

"It is my opinion that the partial summary judgment should be granted. Gerald Klimmer has been defaulted which this Court accepts as an admission of liability on his part. Barbara Klimmer cannot claim that Gerald Klimmer did not receive any consideration because of the admission. Her claim that she only signed with her husband and received no consideration herself is, also, not a defense (see *City Finance Co v Kloostra,* 47 Mich App 276)."

On appeal defendant Barbara Klimmer argues that she stated a valid defense to plaintiff's claim, that the default judgment against codefendant Gerald Klimmer did not result in admissions binding against her, and that therefore the partial summary judgment was improper. We agree.

Plaintiff moved for summary judgment on the basis of GCR 1963, 117.2(2), failure to state a valid defense. Clearly Barbara Klimmer stated a valid defense. In a suit on a promissory note, lack or failure of consideration is a good defense against any person not a holder in due course. 1905 PA 265, § 30 (MCLA 439.30; MSA 19.70), repealed 1962 PA 174, § 9992 (MCLA 440.9992; MSA 19.9992); now see MCLA 440.3408; MSA 19.3408.[1] Furthermore, although the default judgment against Gerald Klimmer may operate against him as an admission of liability, Barbara Klimmer can

---

[1] The note here appears to have been executed in 1962 and thus is governed by the law in effect before the enactment of the UCC. MCLA 440.9993; MSA 19.9993. The code, of course, does not disturb prior law to the effect that lack or failure of consideration is a good defense in a suit between the original parties on a promissory note, MCLA 440.3408; MSA 19.3408 (practice commentary). *E.g., East Side Trust & Savings Bank v McGinnis,* 197 Mich 432; 163 NW 949 (1917).

nevertheless claim that Gerald Klimmer did not receive any consideration. An admission predicated upon a default only operates against the particular party who defaults; it does not bind a codefendant who appears and contests the litigation. 47 Am Jur 2d, Judgments, § 1195, p 212. *Cf. City Finance Co v Baldwin,* 326 Mich 174; 40 NW2d 107 (1949) (defendant not bound by admissions in answer of codefendant). Thus, it was error for the trial court to grant summary judgment for failure to state a valid defense.

*Traverse City State Bank v Conaway,* 37 Mich App 647; 195 NW2d 288 (1972), and *City Finance Co v Kloostra,* 47 Mich App 276; 209 NW2d 498 (1973), do not control the issue on appeal here nor do they necessarily control the ultimate disposition of the case. In *Conaway* the issue was whether or not the wife was liable. There the husband and wife both signed a note in return for a loan. All of the money was to be used in a business operated exclusively by the husband. The husband was subsequently adjudged bankrupt and individually discharged. Plaintiff sued on the note asking for a joint judgment with execution restricted to entireties and joint property. The trial court dismissed the suit, apparently on the grounds that the wife was not liable because she received no separate consideration nor did she pledge her separate estate. On the authority of MCLA 557.51 *et seq.;* MSA 26.181 *et seq.,* this Court reversed the trial court and held that the wife was jointly liable and that judgment should have been entered against the husband and wife jointly with execution limited to entireties and joint property.

In *Kloostra* the issue was not liability; the wife admitted liability on the note. There the wife and husband both signed a note in return for a loan

which was used to buy an automobile. They were later divorced. The husband then departed with the automobile. The wife was sued for the balance due on the loan. The issue was whether execution was limited to joint property and property previously owned jointly. This Court reversed the trial court and held that the execution should have been limited to the defendant's interest in property previously· owned jointly by her and her husband.

In neither *Conaway* nor *Kloostra* did the defendant wife deny liability on the grounds that no consideration was received for the note by the husband or by the wife. That however is the defense stated by Barbara Klimmer in this case. It is a valid defense. If she can prove it, she should prevail.

The summary judgment in this case was not based on GCR 1963, 117.2(3), no genuine issue as to any material fact. There are no supporting affidavits or other proof as to whether consideration was or was not received, or by whom and when. It appears that the money may have been borrowed by Gerald Klimmer years before he was married and the note not executed until several years after the marriage. *Cf. City Finance Co v Kloostra, supra,* and *Traverse City State Bank v Conaway, supra,* in both of which the husband and wife signed a promissory note for money borrowed during the marriage. It further appears that the statute of limitations might have run on the debt before the note was signed in 1962. Such facts, if established, may bear significantly on the outcome of this litigation.

Reversed and remanded. Costs to appellant.