WORTH v DORTMAN

Docket No. 78-328. Submitted June 4, 1979, at Lansing.—Decided
    December 5, 1979. Leave to appeal denied, 408 Mich 924.

Ronnie Worth and Donna Worth, his wife, brought a personal
    injury action against defendants, Larry A. Dortman and Roger
    J. Au and Sons, Genesee Circuit Court, Donald R. Freeman, J.
    The complaint alleged that Ronnie Worth, a passenger in a
    truck, sustained severe and permanent injuries resulting from
    an accident involving the truck owned by defendant Au and
    driven by defendant Dortman and that Dortman was wilfully
    and grossly negligent in causing the truck to leave the road
    and crash into a tree. Defendant Au answered and asserted
    that plaintiff Ronnie Worth was contributorily negligent. De-
    faults were entered against Dortman for failure to fill out and
    return a pretrial discovery questionnaire and for failure to
    attend a pretrial conference. Ronnie Worth testified, at trial,
    that he was employed as a foreman by Au and that as partial
    compensation for his work he received the use of the truck
    involved in the accident. On the evening of the accident he ran

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 361.
    8 Am Jur 2d, Automobiles and Highway Traffic § 524 et seq.
[2] 29 Am Jur 2d, Evidence § 658.
    30 Am Jur 2d, Evidence § 1097.
[3] 29 Am Jur 2d, Evidence §§ 738, 743 et seq.
    Identity of subject matters or issues as condition of admissibility in
      civil case of testimony or deposition in former proceeding of
      witness not now available. 70 ALR2d 494.
[4] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 332-334.
    29 Am Jur 2d, Evidence § 830.
[5] 61 Am Jur 2d, Pleading § 309.
[6] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 573, 576.
    Liability based on entrusting automobile to one who is intoxicated
      or known to be excessive user of intoxicants. 19 ALR3d 1175.
[7] 29 Am Jur 2d, Evidence § 746.
    81 Am Jur 2d, Witnesses §§ 75, 76.
[8] 22 Am Jur 2d, Damages §§ 86, 162 et seq.
    75 Am Jur 2d, Trials § 321.
    76 Am Jur 2d, Trials § 1166.

into Dortman at the Palace Gardens Bar where he and Dortman drank intoxicants for approximately four hours. When they left the bar Dortman drove the truck with Worth's consent after it was agreed that Worth was too drunk. Worth also testified that he had previously instituted a cause of action against Palace Gardens and had accepted $75,000 in settlement of his claim. The jury returned a verdict of "no amount" against defendant Dortman and a verdict of no cause of action against defendant Au. Plaintiffs appeal. On appeal, plaintiffs argue that the lower court erred by denying their motion for a directed verdict against defendant Au, as truck owner, where defendant Dortman, as operator of the truck, had previously defaulted, thereby admitting liability. Plaintiffs' second argument is that the admission into evidence of Dortman's deposition, taken by plaintiffs in the Palace Garden dramshop action, was improper. Plaintiffs also claim that the results of a Breathalyzer test given to Dortman after the accident should not have been admitted into evidence over objection, that the court improperly instructed the jury, that the court erred in allowing defendant Au to amend its complaint to assert the defense of negligent entrustment, that the court's refusal to permit plaintiffs to call as a witness an employee/agent of Au constituted error, that there were insufficient facts on the record to place the issue of Ronnie Worth's ownership of the truck before the jury, and that the verdict of "no amount" against Dortman was clearly inadequate. *Held:*

1. An admission predicated upon a default only operates against the particular party who defaults; it does not bind a codefendant who appears and contests the litigation. Therefore, the default of Dortman can not operate to deny Au, as owner of the vehicle and codefendant, from asserting the defenses available to it. Contributory negligence of plaintiff was such a defense. Denial of plaintiff's motion for a directed verdict against Au, based on Dortman's defaults, was proper.

2. The admission into evidence of Dortman's deposition which was taken by plaintiffs in the previous dramshop action was proper. Dortman was unavailable for trial. The purpose of the testimony, number of drinks consumed by Dortman and Worth, was substantially the same in both the dramshop and the present proceeding. This was the same subject raised by defendant Au in its assertion of contributory negligence. The established criterion for admission into evidence of the deposition was satisfied. Furthermore, if the matter were to be tried again the deposition would be admissible under the Michigan Rules of Evidence.

3. Only Dortman could object to the introduction of his

Breathalyzer test results. The restraint on admissibility is personal. Therefore, plaintiffs, as parties other than the person tested, lack standing to invoke the exclusionary rule. The court properly ruled that the results were admissible.

4. Plaintiffs' claim of instructional error is unpersuasive. The court gave the required standard jury instructions with proper modifications.

5. The affirmative defense of contributory negligence was properly raised in defendant Au's original answer. This defense and that of negligent entrustment are virtually identical. Therefore Au's assertion of the defense of negligent entrustment resulted in nothing more than redundant pleadings and jury instructions. Under these circumstances, allowing Au to amend its complaint to assert the defense of negligent entrustment was not improper. Any error would be harmless.

6. Refusing to permit plaintiffs to call Au's employee/agent as a witness was not erroneous. A separate record established that the witness had no personal knowledge of the matters about which plaintiffs sought his testimony.

7. There were sufficient facts on the record to place the issue of Worth's ownership of the vehicle before the jury.

8. The court properly refused to grant a new trial against defendant Dortman. Plaintiffs' out-of-pocket expenses were controverted. Therefore, the "no amount" verdict against Dortman would not be unreasonable if the jury found the expenses to be less than the $75,000 received by plaintiffs in their previous dramshop action.

Affirmed.

1. AUTOMOBILES — PASSENGERS — OWNER LIABILITY — CONTRIBUTORY NEGLIGENCE — STATUTES.

A vehicle owner, in a suit brought by an injured passenger under the owner liability statute, may assert the defense of contributory negligence on the part of the injured passenger (MCL 257.401; MSA 9.2101).

2. ACTION — DEFAULTS — ADMISSIONS — DEFAULTING PARTY — LIABILITY — CODEFENDANTS.

An admission predicated upon a default only operates as an admission of liability against the particular party who defaults; the admission is binding only upon the defaulting party and it does not bind a codefendant who appears and contests the litigation.

3. EVIDENCE — FORMER ACTION — CRITERIA FOR ADMISSION — AVAILABILITY OF WITNESSES — OATH — SUBJECT MATTER — CROSS-EXAMINATION.

The criteria for admission of testimony taken in another action are: (1) unavailability of the witness, (2) testimony taken under oath in a prior proceeding, (3) substantially the same subject matter in both the former and present proceeding, and (4) the party objecting to the introduction had the opportunity of full cross-examination in the first action.

4. EVIDENCE — BLOOD ALCOHOL TESTS — IMPLIED CONSENT — CRIMINAL ACTIONS — CIVIL ACTIONS — SCOPE OF CONSENT — THIRD PERSONS — STANDING — STATUTES.

The results of a blood alcohol test which is administered pursuant to the implied consent law are not admissible in a criminal prosecution other than for driving while under the influence of intoxicating liquor or for driving while impaired, and such test results are inadmissible in civil suits against the person tested; however, an objection that blood alcohol tests are being used in a manner which exceeds the scope of the consent of the person tested can only be asserted by the person tested; the restraint is personal; therefore, a party other than the person tested lacks standing to invoke the exclusionary rule (MCL 257.625[c]; MSA 9.2325[3]).

5. PLEADING — AMENDMENT OF PLEADINGS — DISCRETION — ABUSE OF DISCRETION — APPEAL AND ERROR.

Permission to amend a party's pleadings rests in the discretion of the court and will not be set aside unless the trial court has abused its discretion.

6. AUTOMOBILES — NEGLIGENT ENTRUSTMENT — LIABILITY OF OWNER OR LENDER — STATUTES.

The doctrine of negligent entrustment is a plaintiff's theory of recovery, not an affirmative defense; the essential aspect of this theory is that an owner or lender of a motor vehicle has the duty to refrain from placing it in the hands of a known unfit or incompetent driver for operation on public highways, and if he does, the owner or lender of the automobile may be liable to an injured plaintiff for breach of this common-law duty; this right of recovery against an owner is independent of any liability of the owner under statute (MCL 257.401; MSA 9.2101).

7. WITNESSES — EVIDENCE — FACTS — PERSONAL KNOWLEDGE — ADMISSIBILITY.

A witness is required to testify to facts within his personal

knowledge and where it is evident from a separate record that the witness had no personal knowledge with respect to matters in issue his testimony should not be received in evidence at the trial.

8. DAMAGES — VERDICT — OUT-OF-POCKET EXPENSES — APPEAL AND ERROR.

A jury verdict may not ignore uncontroverted out-of-pocket expenses where liability of a defendant has been established and where there is uncontroverted evidence establishing a plaintiff's out-of-pocket expenses; however, where the amount of out-of-pocket expenses were controverted and the jury may have found them to be less than an amount which a plaintiff had received in a related action there is no error in a jury verdict of "no amount".

*Robert A. Grimes,* for plaintiffs.

*Wilson, Portnoy, Basso & Leader, P.C.* (by *Robert P. Roth*), for defendants.

Before: DANHOF, C.J., and V. J. BRENNAN and H. R. CARROLL,* JJ.

V. J. BRENNAN, J. By complaint filed October 2, 1973, the plaintiffs, Ronnie Worth and Donna Worth, brought a personal injury action against defendants, Larry Allen Dortman and Roger J. Au and Sons. The complaint alleged that plaintiff Ronnie Worth sustained severe and permanent injuries resulting from a motor vehicle accident on October 22, 1970, involving a truck owned by defendant Au and driven by defendant Dortman. Plaintiff Ronnie Worth was a passenger in the vehicle. The complaint alleged that Dortman was willfully and grossly negligent in causing the truck to leave the road and crash into a tree. Plaintiffs alleged several specific instances of negligent conduct on Dortman's part including opera-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tion of a vehicle while under the influence of intoxicating liquor.

Defendant Au answered and asserted that plaintiff Ronnie Worth was contributorily negligent. Defendant Dortman filed a handwritten general denial. On September 26, 1974, the default of defendant Dortman was entered based on his failure to fill out and return to the court a pretrial discovery questionnaire. A second default was entered against Dortman on September 16, 1976, based on his failure to attend a pretrial conference held on September 26, 1974.

At trial, plaintiff Ronnie Worth testified that on the date of the accident he was employed as a foreman by defendant Au. Ronnie Worth testified that as partial compensation for his work he received the use of the truck involved in the accident. Plaintiff Ronnie Worth was responsible for the maintenance of the truck.

Plaintiff Ronnie Worth related that he went to the Palace Gardens, a bar, at approximately 5:30 p.m. on the evening of the accident. Defendant Dortman was present at the bar when the plaintiff arrived. Plaintiff Ronnie Worth loaned Dortman $20 to buy drinks. Plaintiff Ronnie Worth drank beer and whiskey and played pool during the ensuing four hours. Plaintiff Ronnie Worth testified that upon leaving the bar, Dortman advised him that he, Dortman, would drive because the plaintiff was too drunk. Plaintiff Ronnie Worth consented, got into the truck and went to sleep. It appeared to plaintiff Ronnie Worth that Dortman was capable of driving. The next recollection of plaintiff Ronnie Worth was the truck rolling with himself being thrown through the windshield.

On cross-examination, Ronnie Worth testified that he had previously instituted a cause of action

against Palace Gardens and had accepted $75,000 in settlement of his claim.

Defendant Au called Sergeant Robert Darling of the Michigan State Police. Darling testified that he administered a Breathalyzer test to defendant Dortman after the accident. The plaintiffs objected to the admission of the test results on the ground that such results cannot be used in an action unrelated to a drunk driving prosecution. The trial court admitted the evidence on the ground that the objection raised by the plaintiffs could only be raised by defendant Dortman. Sergeant Darling testified that he had administered two Breathalyzer tests to Dortman and obtained results of .16 and .17% by weight of alcohol in the blood. The witness further testified that at the time of the accident, .15% was considered the point of intoxication by statute.

Defendant Au also proposed to read into evidence the deposition testimony of Larry Dortman which was taken in the earlier dramshop action. Plaintiffs objected to the admission of Dortman's deposition. The trial court admitted the evidence.

Dortman's deposition testimony indicated that he consumed 10 to 12 drinks while at the Palace Gardens on the evening in question. Dortman stated that Worth asked him to drive. Dortman admitted that he might have been going over the speed limit and that he may have been a little sleepy. Dortman testified that he was not used to the road and missed a turn.

At the close of defendant's proofs the plaintiffs moved for a directed verdict of defendant Au's liability on the ground that the negligence of the operator of the vehicle, Dortman, had been established by Dortman's default and that the owner of the truck, defendant Au, had no further standing

to contest its liability under the owner's liability act. The trial court denied the motion.

The jury returned a verdict of "no amount" against defendant Dortman and a verdict of no cause of action against defendant Au. Plaintiffs appeal by right.

Plaintiffs first argue that in this action brought under the vehicle owner's liability statute, MCL 257.401; MSA 9.2101, the lower court erred by denying plaintiffs' motion for a directed verdict against defendant owner where defendant operator had previously defaulted thereby admitting liability. We disagree.

It is well established that the vehicle owner may assert the defense of contributory negligence on the part of the injured passenger in a suit brought under the owner liability statute. *Toomer v Steiner,* 43 Mich App 12; 202 NW2d 808 (1972). See *Hoag v Paul C Chapman & Sons, Inc,* 62 Mich App 290; 233 NW2d 530 (1975). See also *Tarnowski v Fite,* 335 Mich 267; 55 NW2d 824 (1952), *Cacavas v Bennett,* 37 Mich App 599; 194 NW2d 924 (1972).

While a default operates as an admission of liability, the admission is binding only upon the defaulting party. As stated in *Klimmer v Klimmer,* 66 Mich App 310, 313; 238 NW2d 586 (1975):

"An admission predicated upon a default only operates against the particular party who defaults; it does not bind a codefendant who appears and contests the litigation. 47 Am Jur 2d, Judgments, § 1195, p 212. *Cf. City Finance Co v Baldwin,* 326 Mich 174; 40 NW2d 107 (1949)."

Here the plaintiffs are predicating the owners liability on the operator's default, thus denying the owner of the defenses available to it. The default of the codefendant operator cannot be so

construed. The lower court's ruling in this regard was proper.

Plaintiffs next argue that the admission of the deposition of defendant Dortman taken by plaintiffs in the previous dramshop action was improper. We find no error. Dortman, who operated the vehicle at the time of the accident, was unavailable for trial. At the time of trial the admission of the deposition in question was governed by the rule enunciated in *Pontiac School Dist v Sachse,* 274 Mich 345; 264 NW 396 (1936). The criteria for admission are set forth as follows: (1) unavailability of the witness, (2) testimony taken under oath in a prior proceeding, (3) substantially the same subject matter in both the former and present proceeding, and (4) the party objecting to the introduction had the opportunity of full cross-examination in the first action.

Plaintiffs argue that criterion number three was not met. We disagree. The subject of the deposition in the dramshop action was the number of drinks consumed by Larry Dortman and Ronnie Worth at the Palace Gardens Bar. This was the same subject raised by defendant Au in its assertion of contributory negligence. In any event, if the matter were to be tried again, the deposition would be admissible under MRE 804(b)(1).

Plaintiffs next cite *McNitt v Citco Drilling Co,* 397 Mich 384; 245 NW2d 18 (1976), and argue that the trial court erred in admitting over objection the results of the Breathalyzer test administered to defendant Dortman pursuant to the implied consent statute. MCL 257.625(c); MSA 9.2325(3). Defendant Au contends that plaintiffs lack standing to raise this objection. We agree with defendant Au.

MCL 257.625(c); MSA 9.2325(3) provides that a

person who operates a motor vehicle is deemed to have given consent to a blood alcohol test if he is arrested for driving under the influence of intoxicating liquor or while his ability to drive has been impaired due to the consumption of intoxicating liquor.

In *People v Keen,* 396 Mich 573; 242 NW2d 405 (1976), the Supreme Court construed the "implied consent" set forth above and concluded that results of a blood alcohol test administered pursuant to the statute were not admissible in a criminal prosecution other than for driving while under the influence of intoxicating liquor or for driving while impaired. The Court at pp 585-586 reasoned:

"It would exceed the scope of the consent given to allow test results obtained on the representation that they will be used in prosecutions where the maximum penalty for a first offender is 90 days imprisonment to be used in prosecutions for a felony with a maximum penalty of 15 years.

"A police officer has no statutory authority to request that a driver submit to a blood alcohol test unless the arrest is for driving under the influence of intoxicating liquor. The officer is required to advise the driver that if he consents to a test, the test results shall be admissible in DUIL and driving while impaired prosecutions. Test results obtained following consent obtained on that advice cannot properly be used in a prosecution for manslaughter. The test results are not admissible in this case."

In *McNitt, supra,* the Court applied the limited scope of the consent analysis to render such test results inadmissible in civil suits against the person tested. However here we are faced with a party other than the person tested asserting the exclusionary rule. We hold that such a party lacks standing.

An objection that blood alcohol tests are being used in a manner which exceeds the scope of the consent of the person tested can only be asserted by the person tested. Even Fourth Amendment rights are considered personal rights which may be vicariously asserted. *Brown v United States,* 411 US 223; 93 S Ct 1565; 36 L Ed 2d 208 (1973), *People v Portman,* 73 Mich App 366; 251 NW2d 589 (1977). The plaintiffs who are asserting the rights of the person tested have no rights protected by Keen and McNitt. The trial court properly ruled that the results were admissible.

The remaining allegations of error warrant summary discussion. As to plaintiffs' claim of instructional error, the trial court properly gave SJI 14:01 and 14:02 as requested by plaintiffs and as modified by *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976).

Plaintiffs claim error when the lower court allowed defendant to amend its complaint to assert the defense of "negligent entrustment". Permission to amend a party's pleadings rests in the discretion of the court and will not be set aside unless the trial court had abused that discretion. *Gratiot Lumber & Coal, Inc v Lubinski,* 309 Mich 662; 16 NW2d 112 (1944).

The confusion created by defendant Au's motion to amend its pleadings to assert negligent entrustment stems from the fact that the doctrine of negligent entrustment is a plaintiff's theory of recovery, not an affirmative defense. The essential aspect of this theory is that an owner or lender of a motor vehicle has the duty to refrain from placing it in the hands of a known unfit or incompetent driver for operation on public highways. An owner or lender of an automobile may be liable to an injured plaintiff for breach of this common-law

duty. Further, this right of recovery against an owner is independent of any liability of the owner under MCL 257.401; MSA 9.2101. *Perin v Peuler,* 373 Mich 531, 534-536; 130 NW2d 4 (1964). The essence of defendant Au's negligent entrustment "defense" is that Ronnie Worth contributed to his own injury by negligently placing the truck in the hands of Larry Dortman who was known to him to be unfit to drive due to his intoxication. This defense is virtually identical to the affirmative defense of contributory negligence which was properly raised in defendant Au's original answer. Thus Au's assertion of the defense of negligent entrustment resulted in nothing more than redundant pleadings and jury instructions. Under these circumstances any error was harmless.

Plaintiffs next claimed error is the lower court's refusal to permit plaintiffs to call as a witness an employee/agent of defendant Au. We find no error. It was quite evident from the separate record established below that the witness had no personal knowledge of matters about which the plaintiff sought his testimony. *Dudek v Popp,* 373 Mich 300; 129 NW2d 393 (1964). The plaintiffs had ample opportunity to make an offer of proof that the witness could testify to facts within his personal knowledge. The plaintiffs were unable to do so.

As to plaintiffs' next claim, there are sufficient facts on the record to place the issue of Ronnie Worth's ownership of the vehicle, under MCL 257.37; MSA 9.1837, before the jury.

Finally, there was no abuse of discretion in the trial court's refusal to grant a new trial against defendant Dortman. Plaintiffs claim that the verdict of "no amount" against Dortman was clearly inadequate. We disagree. Where liability of a defendant has been established and where there is

uncontroverted evidence establishing a plaintiff's out-of-pocket expenses, the jury errs in bringing back a verdict amounting to less than the out-of-pocket expenses. *Jackson v Gregory,* 32 Mich App 301; 188 NW2d 629 (1971), *Hugener v Michlap,* 2 Mich App 157; 139 NW2d 132 (1966). Here the amount of out-of-pocket expenses was controverted and the jury may have found it to be less than the $75,000 received by plaintiffs in their previous action.[1] We find no error.

Affirmed. Costs to be awarded defendants-appellees.

---

[1] The plaintiffs have not raised the introduction of this evidence as an issue on appeal.