**GREATER HOUSTON TRANSPORTA-TION COMPANY, Yellow Cab Company, Houston Cab Company, Robert Moore, and Marvin Hughes, Appellants,**

v.

**Dellora WILSON, Terrye Smith Kimble, Christine MacMurphy and Louise Derr, Appellees.**

No. B14–86–413CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 29, 1987.

Rehearing Denied Feb. 26, 1987.

Jennifer Ramsey, James H. Limmer, Robert L. Ramey, Houston, for appellants.

J. Michael Coman, Pasadena, W. Allyn Hoaglund, Frances M. Smith, Dale Ledbetter, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

In consolidated actions appellees sued for actual and exemplary damages for their injuries sustained in a three-car accident involving a Yellow Cab driven by appellant

Marvin Hughes. Appellants Greater Houston Transportation Company, Houston Cab Company, and Yellow Cab Company (the cab companies) attempted to avoid vicarious liability for Hughes's actions on the theory that he was not an authorized or permissive user of the Yellow Cab. Before trial, the court entered a default judgment on liability against Hughes as a sanction for failing to appear for depositions. Final judgment was entered upon jury findings. The cab companies and Hughes have brought separate appeals. We affirm.

The accident occurred on a four-lane street divided by a median. A collision occurred between the taxicab and Dellora Wilson's Cadillac. The Cadillac crossed the median and collided head-on with a van containing appellees Christine MacMurphy, Louise Derr, and Terrye Smith Kimble. The cause of the accident was a disputed fact at trial. Dellora Wilson was both a plaintiff (suing the cab companies and Hughes) and a defendant (sued by the three women in the van). No one claimed the driver of the van was negligent.

The jury found that Wilson was not negligent and, therefore, did not answer issues on proximate cause and comparative negligence. The jury found that Hughes was driving the cab with the permission of the cab companies and engaged in their service on the occasion in question. The jury also answered affirmatively issues establishing negligent entrustment by the cab companies and awarded exemplary damages.

The first four points of error brought by the cab companies concern the propriety of informing the jury about the default judgment against Hughes when the cab companies denied being vicariously liable for Hughes's negligence.

■ In point one appellants contend the trial court erred in letting the jury be informed during voir dire that Marvin Hughes had been found by the court to be negligent and that his negligence was a proximate cause of the accident, while prohibiting counsel for the cab companies from informing the veniremen of the true nature of the default judgment. Apparently this prohibition was made during a pre-trial motion hearing. That hearing and motion are not in the appellate record and counsel for appellants made no objection at the time the default judgment was mentioned. No error has been preserved. *See Mossler v. Foreman,* 493 S.W.2d 627 (Tex. Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). Point of error one is overruled.

The cab companies also complain of the court's charge: (1) because it omitted an issue asking whether Hughes was negligent, and (2) because a jury instruction, placed within the comparative negligence issue, informed the jury that Hughes was negligent and that such negligence was a proximate cause of the collision in question.

We hold that the charge was correct. The supreme court has instructed that when a plaintiff in a comparative negligence case establishes as a matter of law that a defendant was negligent, then that negligence should be made known to the jury and included in the issue comparing the negligence of the plaintiff and the defendant. *Eagle Trucking Co. v. Texas Bitulithic Co.,* 612 S.W.2d 503, 507 (Tex. 1981). This is what the trial court did in its third issue asking the jury to compare Wilson's negligence with Hughes's negligence.

■ The cab companies attempt to distinguish *Eagle Trucking* on two grounds. First, in *Eagle Trucking* the defendant employer admitted that its employee was in the course of his employment. Appellants' defense to the actions based on vicarious liability was that Hughes was an unauthorized driver acting without the cab companies' permission. After hearing extensive testimony regarding this issue, the jury found against appellants. Since vicarious liability was established, the rule in *Eagle Trucking* is applicable.

■ Appellants also urge that the rule in *Eagle Trucking* should be limited to situations in which a defendant's negligence became a matter of law because of some act a party committed at the time the accident occurred. They note that in *Eagle Trucking* the trial court found the employer negligent as a matter of law because its em-

ployee committed negligence per se by violating traffic laws. Hughes's negligence was judicially determined because of his actions (or more precisely, inaction) wholly unrelated to the traffic accident. They further note that a ruling that a party is negligent per se leaves open the fact issue of whether that negligence was a proximate cause. A default judgment entered in a negligence case establishes both that the defaulting party is negligent as a matter of law and that his negligence was a proximate cause of the occurrence. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731–32 (Tex.1984).

Appellants conclude from these distinctions that the supreme court, in making its broad statement of law in *Eagle Trucking*, did not envision the type of fact situation before us and its opinion need not be followed here. We find appellants' argument unpersuasive and follow the rule as stated in *Eagle Trucking*.

■ The cab companies contend that informing the jury about the default judgment in voir dire and in the instruction deprived them "of the opportunity to obtain findings that Wilson was the sole proximate cause of the accident." We note that the cab companies would not have been entitled to a jury issue inquiring whether Dellora Wilson's negligence was a sole proximate cause of the accident because such an issue would have been an inferential rebuttal issue. *See* Tex.R.Civ.P. 277; *Sendejar v. Alice Physicians & Surgeons Hospital, Inc.*, 555 S.W.2d 879, 887 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.); *McCane Sondock Detective Agency v. Penland Distributors, Inc.*, 523 S.W.2d 62, 67 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Ignoring for the moment appellees' negligent entrustment causes of action, the effect of the default judgment against Hughes was that it precluded the jury from finding that Wilson was 100 percent negligent and Hughes not negligent.

■ The threshold question in a negligence case is whether a party acted negligently, not whether his actions were a proximate cause of the occurrence. *See* Tex.R.Civ.P. 277 ("Conditioned upon an af-

firmative finding of negligence ... a further question may inquire whether the corresponding specific acts or omissions ... were proximate causes of the accident....") Appellants fully litigated the issue of Wilson's negligence. The jury found she was not negligent. The jury properly skipped the issue asking whether her negligence was a proximate cause. Because there was no negligence of Wilson to compare, the jury properly left the comparison answers blank. *Eagle Trucking*, 612 S.W.2d at 505. Since Wilson was not negligent, the cab companies cannot demonstrate harm resulting from the court's actions. *See Thompson v. Robbins*, 157 Tex. 463, 304 S.W.2d 111 (1957). Points two and three are overruled.

In their fourth point of error appellants assert that the alleged errors discussed above tainted the whole trial and caused the jury to reach the wrong conclusions in resolving other fact issues in the case. This argument is wholly speculative. We cannot presume what influenced the jury. Point of error four is overruled.

■ In their fifth point of error the cab companies assert that the trial court erred in denying their motion for new trial. To support their claim that newly discovered evidence necessitated a new trial appellants presented the affidavit of a cab company employee stating that Marvin Hughes, who could not be located up to the time of trial, appeared in the cab companies' offices after judgment was rendered and offered to testify as to the facts surrounding the accident. Appellants presented no affidavit by Hughes and presented no competent evidence as to what he would say if put on the witness stand. In order to obtain a new trial on the ground of newly discovered evidence it is essential that the moving party introduce competent, admissible evidence showing the existence of the newly discovered evidence relied upon. *Godwin v. Pate*, 667 S.W.2d 201 (Tex.App.—Dallas 1983, no writ); *McInnes v. Yamaha Motor Corp.*, 659 S.W.2d 704, 714 (Tex.App.—Corpus Christi, 1983), *aff'd*, 673 S.W.2d 185 (Tex.1984). This has not been done. We find no abuse of discretion

in denying a new trial. *See Jackson v. Van Winkle*, 660 S.W.2d 807 (Tex.1983).

The cab companies have waived their points of error six through fourteen for failure to brief the facts and authorities relied upon. *See* Tex.R.App.P. 74(f); *Olson v. Texas Commerce Bank*, 715 S.W.2d 764 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

Marvin Hughes has brought a separate appeal complaining that the trial court abused its discretion in entering a default judgment against him for failure to appear for depositions. Rule 215 clearly authorized the court to sanction Hughes. Tex.R. Civ.P. 215(2)(b)(5). There is nothing in the record to indicate that the court abused its discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985). Hughes's point of error is overruled.

The judgment of the trial court is affirmed.