ROGERS v J B HUNT TRANSPORT, INC

Docket No. 219054. Submitted November 8, 2000, at Lansing. Decided February 16, 2001, at 9:00 A.M. Leave to appeal sought.

Alfonso E. Rogers, as personal representative of the estate of Daimon J. Rogers, deceased, brought an action in the Eaton Circuit Court against J. B. Hunt Transport, Inc., and Wesley H. Crenshaw, alleging negligence by Crenshaw and vicarious liability by J. B. Hunt, as Crenshaw's employer, with respect to the decedent's death in a freeway accident in which the decedent's automobile struck a J. B. Hunt tractor-trailer parked off the roadway by Crenshaw. The court, Calvin E. Osterhaven, J., entered a default against Crenshaw after Crenshaw failed to comply with an order compelling his deposition by the plaintiff. The plaintiff moved for partial summary disposition of the issues of Crenshaw's negligence and J. B. Hunt's vicarious liability, arguing that the default against Crenshaw, the defendants' admission in their answers to the complaint of an employment relationship between them, and J. B. Hunt's admission in its answer that Crenshaw was acting within the scope of his employment at the time of the accident settled the questions of Crenshaw's negligence and J. B. Hunt's vicarious liability. The court granted the motion. J. B. Hunt appealed by leave granted.

The Court of Appeals *held*:

The trial court did not err in granting partial summary disposition against J. B. Hunt. A plaintiff proves that a defendant employer is vicariously liable for its employee's negligent acts by showing that there was an employment relationship between the employer and the employee and that the negligence occurred within the scope of the employment. In this case, J. B. Hunt admitted that it employed Crenshaw and that he was acting within the scope of his employment when he parked the truck. Because of these admissions, the only way that J. B. Hunt could directly contest liability would be to argue that Crenshaw was not negligent. However, Crenshaw's negligence was established by default. The general rule that the default of one defendant is not an admission of liability on the part of a nondefaulting codefendant must yield to considerations involving the preservation of the sanction for Crenshaw's discovery violation and the doctrine of vicarious liability, which places losses caused by the torts of employees on employers, who profit from their enterprises and are better able to absorb the

losses than are innocent third parties. Moreover, as correctly determined by the trial court, J. B. Hunt is not left defenseless inasmuch as it can still claim comparative negligence by the decedent.

Affirmed.

1. NEGLIGENCE — VICARIOUS LIABILITY OF EMPLOYERS.

A plaintiff who pursues an action against an employee and an employer for negligence by the employee and vicarious liability by the employer for the employee's negligence establishes vicarious liability by showing that there was an employment relationship between the employer and the employee and that the negligence occurred within the scope of the employment.

2. NEGLIGENCE — VICARIOUS LIABILITY OF EMPLOYERS — DEFAULT BY EMPLOYEES.

A default by an employee that conclusively establishes the negligence of the employee in an action for negligence by the employee and vicarious liability by the employer also conclusively establishes the employee's negligence for purposes of the claim of vicarious liability.

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *George T. Sinas* and *Michael E. Larkin*), for Alfonso E. Rogers.

*Dykema Gossett PLLC* (by *Joseph H. Hickey* and *Kevin M. Zielke*), for J. B. Hunt Transport, Inc.

Before: DOCTOROFF, P.J., and HOEKSTRA and MARKEY, JJ.

DOCTOROFF, P.J. Defendant J. B. Hunt Transport, Inc., appeals by leave granted from the trial court's order granting plaintiff's motion for partial summary disposition. We affirm.

I

In 1996, defendant[1] employed Wesley Howard Crenshaw as a truckdriver. On June 17, 1996, Crenshaw

---

[1] For the purpose of this opinion, the term defendant will be used only to refer to J. B. Hunt Transport, Inc. Codefendant Wesley Howard Crenshaw is not a party to this appeal.

parked a tractor-trailer owned by defendant on the north shoulder of westbound I-96 near the Creyts Road exit in Eaton County. At approximately 2:00 P.M. that day, the decedent was driving an automobile west on I-96, approaching the parked truck. Shortly before it would have passed the truck, the decedent's vehicle left the paved portion of the highway, traveled on the shoulder for approximately seventy-five feet, and collided with the right rear section of the truck's trailer.

According to the state police trooper who investigated the accident, the tractor-trailer was completely off the main traveled portion of the highway and the rear taillights were on. It was disputed whether Crenshaw activated his flashers; however, Crenshaw admitted that he did not set out his emergency reflective triangles before the crash. The decedent died instantly as a result of injuries from the collision. The police were unable to determine why his vehicle left the roadway.

Plaintiff filed a complaint on July 23, 1996, alleging that Crenshaw's negligence was the proximate cause of the decedent's death and defendant was vicariously liable for Crenshaw's negligence. In its answer to the complaint, defendant admitted that it owned the truck involved in the collision, it employed Crenshaw, and Crenshaw was acting within the scope of his employment at the time of the accident. Defendant denied that Crenshaw was negligent or that Crenshaw's alleged negligence was the proximate cause of the decedent's death. Plaintiff apparently had great difficulty serving Crenshaw, and the trial court allowed plaintiff to serve Crenshaw by publication. Crenshaw answered the complaint on May 5, 1997,

also admitting the employment relationship between the defendants, but denying negligence and causation.

Plaintiff first requested Crenshaw's deposition on May 13, 1997. The deposition was originally scheduled for September 1997, but was later canceled because of Crenshaw's failure to answer plaintiff's interrogatories. After rescheduling the deposition several times, on November 19, 1997, plaintiff filed a motion to compel Crenshaw's deposition. The trial court granted the motion to compel and issued an order stating that if Crenshaw did not appear for a deposition, the court would sanction him.

On July 10, 1998, plaintiff moved to default Crenshaw for failing to cooperate with discovery. Neither Crenshaw nor defendant responded to this motion, but defense counsel, who represented both defendant and Crenshaw, filed a motion seeking to withdraw from representing Crenshaw. The trial court heard both plaintiff's and defense counsel's motions on August 6, 1998. At the hearing, defense counsel did not oppose the motion on behalf of their clients, claiming that they were unable to communicate with Crenshaw and had done everything in their power to convince him to appear for a deposition and cooperate. The court granted both motions and entered orders defaulting Crenshaw and allowing defense counsel to withdraw from representing Crenshaw.

On December 13, 1998, plaintiff moved for partial summary disposition, arguing that Crenshaw's default settled the issue of his liability and neither Crenshaw nor defendant could dispute the issues of negligence or causation. Plaintiff further argued that because defendant admitted that it was Crenshaw's employer and Crenshaw was acting in the scope of his employment at the time of the accident, defendant could not

dispute its vicarious liability for Crenshaw's negligence.

At the hearing on plaintiff's motion, the trial court indicated that it was inclined to enter an order finding that defendant was vicariously liable for Crenshaw's negligence, but that defendant could still argue that the decedent was comparatively negligent. At a subsequent pretrial hearing, the court entered an order finding that Crenshaw was negligent and that his negligence was a proximate cause of the decedent's death. The order also stated that defendant was vicariously liable for Crenshaw's negligence and could not contest this issue at trial, but that defendant could present the defense of the decedent's comparative negligence. Defendant sought leave to appeal the trial court's order, which this Court granted.[2]

II

On appeal, defendant argues that the trial court erred in granting plaintiff's motion for partial summary disposition because Crenshaw's default did not resolve the issue of defendant's liability. This Court reviews de novo a trial court's grant of a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

Defendant's sole issue on appeal presents a question of first impression for this Court. In this case, we are asked to determine how the default of a defendant employee affects the liability of a codefendant employer who has no direct liability to plaintiff, but who would be vicariously liable for the defaulting

---

[2] This Court denied plaintiff's application for leave to appeal the trial court's order allowing defendant to assert the defense of the decedent's comparative negligence.

defendant's negligence. In so doing, we recognize that a conflict exists between the application of the doctrine of vicarious liability and the effect of default on nondefaulting codefendants.

It is an established principle that the entry of default operates as an admission by the defaulting party of all the plaintiff's well-pleaded allegations. *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 79; 618 NW2d 66 (2000); *American Central Corp v Stevens Van Lines, Inc*, 103 Mich App 507, 512; 303 NW2d 234 (1981). However, the default is an admission of liability only, and the defaulting defendant still has the right to contest damages. *Id*. In this case, the parties do not dispute that the trial court's entry of default against Crenshaw acted as an admission of his negligence and precluded him from arguing any issue other than the damages suffered from his negligence.

What is at issue is the effect of Crenshaw's default on the ability of defendant to dispute liability. The general rule is that the default of one defendant is not an admission of liability on the part of a nondefaulting codefendant. *Allstate Ins Co v Hayes*, 442 Mich 56, 73, n 20; 499 NW2d 743 (1993); *Klimmer v Klimmer*, 66 Mich App 310, 313; 238 NW2d 586 (1975). However, application of the general principle in this case is complicated by the fact that defendant's only possible liability in this case would be vicarious liability for the negligence of Crenshaw.

In order to prove that a defendant employer is vicariously liable for its employee's negligent acts, the plaintiff need only show that there was an employment relationship between the employer and the employee and the negligence occurred within the scope of the employment. *Helsel v Morcom*, 219 Mich

App 14, 21; 555 NW2d 852 (1996). Here, defendant admitted that it employed Crenshaw, and he was acting within the scope of his employment when he parked the truck on the highway. Because of these admissions, the only possible way that defendant could directly contest liability would be to argue that Crenshaw was not negligent. However, Crenshaw's negligence was established by default and should no longer be an issue in this case. It is clear that the outcome of this case hinges on our resolution of this inherent conflict between the effect of Crenshaw's default and the imposition of vicarious liability on defendant.

Unfortunately, the existing authority does not offer much guidance on this issue. To date, our case law has dealt only with situations where the codefendant's liability is direct, not derivative. Defendant cites several cases that it claims bolster its argument that a defendant should not be held vicariously liable for the default of a codefendant. In *Klimmer, supra* at 312-313, this Court held that a nondefaulting defendant could not be bound by the admission of liability resulting from a codefendant's default. However, *Klimmer* is easily distinguishable because it involves two defendants who were jointly liable on a promissory note and does not raise any issues of vicarious liability. *Id.* at 311. Defendant also cites *Allstate, supra,* and *Dobson v Maki,* 184 Mich App 244; 457 NW2d 132 (1990), in support of its argument against liability. However, neither of these cases involves a situation where a nondefaulting defendant was subject to vicarious liability for the negligence of a defaulting defendant. *Allstate, supra* at 57; *Dobson, supra* at 247.

The case most closely analogous to the present is this Court's decision in *Worth v Dortman*, 94 Mich App 103; 288 NW2d 603 (1979). In *Worth*, the plaintiff was a passenger in a vehicle driven by the defendant Dortman and owned by the defendant Au. Worth was employed by Au, who allowed him to use the vehicle as partial compensation for his employment. After an evening of drinking, Worth decided to allow an acquaintance, Dortman, to drive the vehicle, and Worth was injured when Dortman crashed the vehicle. Worth sued Dortman on a theory of negligence, and also sued Au under the vehicle owner's liability statute, MCL 257.401; MSA 9.2101. The trial court entered a default against Dortman for failing to complete a pretrial questionnaire or attend a pretrial conference. At trial, the plaintiff moved for a directed verdict against Au, arguing that Au's liability was established by Dortman's default. The Court denied the motion. The jury returned a verdict of no cause of action against Au and found that the plaintiff was not entitled to damages from Dortman.

On appeal, Worth argued that the trial court erred in denying his motion for a directed verdict. This Court disagreed, holding that the owner's liability statute allows an owner to assert the defense of contributory negligence. *Worth, supra* at 110. This Court also relied on the general rule that a default acts only as an admission of liability for the defaulting defendant and does not bind the nondefaulting codefendant. *Id.* at 110-111.

Defendant argues that *Worth* stands for the proposition that a vicariously liable defendant cannot be bound by the default of a codefendant. However, a careful reading of the *Worth* decision indicates that it

is distinguishable from the case at bar. Unlike this case, there was no employment relationship between the defendants in *Worth,* and the alleged negligence did not occur during the scope of an employment relationship. Further, this Court has held that liability under the owner's liability statute is direct, not derivative. *Peters v Dep't of State Hwys,* 66 Mich App 560, 564; 239 NW2d 662 (1976). If Au's liability in *Worth* was direct, he could have been found liable even if the trier of fact found that Dortman was not liable. Under the doctrine of vicarious liability, a master cannot be held liable where the servant is not liable. *Ravenis v Detroit General Hosp,* 63 Mich App 79, 83-84; 234 NW2d 411 (1975). *Worth* is also distinguishable because the key issue addressed by this Court in *Worth* was whether Au could present the defense of the plaintiff's contributory negligence, not whether Au could contest Dortman's liability. *Worth, supra* at 110. In this case, the court did not preclude defendant from pursuing all defenses and specifically ruled that defendant could argue that the decedent was comparatively negligent.

Plaintiff cites *Greater Houston Transportation Co v Wilson,* 725 SW2d 427 (Tex App, 1987), in support of his argument that the default of an employee conclusively determines the liability of a vicariously liable employer. In *Greater Houston,* a traffic accident occurred between a taxicab and two other vehicles. The plaintiff sued both the driver of the taxi and the taxi company. The taxi company denied vicarious liability for the driver's alleged negligence because it claimed that the driver was not an authorized user of the cab. Before trial, the court entered a default against the driver for failure to appear for a deposi-

tion. On appeal, the taxi company argued that the trial court erred in informing the jury that the court found the driver was negligent and that his negligence was a proximate cause of the accident, claiming that this instruction deprived it of a finding that the plaintiff was the proximate cause of the accident.

Contrary to plaintiff's assertion, *Greater Houston* does not hold that a defendant employer's liability is conclusively established by the default of its defendant employee. In the first place, the court in *Greater Houston* did not reach the issue whether the trial court's instructions regarding the driver's negligence and causation were proper because it was not preserved for appellate review. *Id.* at 429. Further, the critical issue in the *Greater Houston* case was whether the defendants could assert and prove comparative negligence, not whether the defendant employee's default acted as an admission of the defendant employer's liability. *Id.* at 429-430. In addition, the *Greater Houston* case and the present case are distinguishable in that the defendant employer in this case admitted vicarious liability, whereas the defendant employer in *Greater Houston* vigorously contested that issue. *Id.* at 429.

III

Although the existing case law does not suggest a resolution of this issue, we believe that important policy considerations compel us to affirm the trial court's decision. We first rely on the principle that this Court should not set aside a default that was properly entered against a party for discovery abuses. *Kalamazoo Oil Co, supra* at 86. If we were to reverse the lower court ruling and allow defendant to contest

Crenshaw's negligence and causation, the default would be nullified, the discovery sanction would become meaningless, and Crenshaw's conduct would be rewarded, especially if the jury concluded that he was not negligent. A default should have consequences, especially in a case like this where the defaulted party intentionally thwarted the opposing party's discovery.

Defendant argues that the trial court's ruling is unfair and unwarranted because it sanctions defendant for its former employee's conduct. However, the trial court addressed this concern by carefully limiting the effect of the default to the issue of Crenshaw's liability and allowing defendant to still pursue what is probably its best argument, that the decedent was comparatively negligent.[3]

A more compelling policy consideration is that vicarious liability is not about who is at fault, but about who is financially responsible. Defendant argues that it should not be sanctioned for its former employee's conduct because it had no control over his actions. However, the supposition that an employer is vicariously liable for an employee's negligent acts because of its ability to control the employee stems from an inaccurate analysis of the doctrine. Employers are held vicariously liable not

---

[3] Plaintiff urges that we reverse the trial court's decision to allow defendant to present the defense of the decedent's comparative negligence, citing this Court's recent decision in *Kalamazoo Oil Co, supra.* This issue is not properly before us because plaintiff failed to raise the issue through a cross appeal. *Barnell v Taubman Co, Inc,* 203 Mich App 110, 123; 512 NW2d 13 (1993). However, if this Court were to address the issue, we would find that the trial court did not abuse its discretion by determining that defendant could pursue comparative negligence as a defense. *Kalamazoo Oil Co, supra* at 87-88.

because of their ability to control their employees' conduct, but because they stand to profit from their employees' conduct. Our courts have perpetuated the doctrine of vicarious liability through deliberate decisions to allocate the risk to those who can best absorb it.

> The losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of that employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business. They are placed upon the employer because, having engaged in an enterprise, which will on the basis of all past experience involve harm to others through the torts of employees, and sought to profit by it, it is just that he, rather than the innocent injured plaintiff, should bear them; and because he is better able to absorb them, and to distribute them, through prices, rates or liability insurance, to the public, and so to shift them to society, to the community at large. [Prosser & Keeton, Torts (5th ed), § 69, pp 500-501.]

See also Dobbs, The Law of Torts, § 334, pp 907-910.

In this case, defendant sought to profit from Crenshaw's actions by training him and directing him to drive its truck on the highway. It is almost a certainty that defendant, on the basis of past experience, was aware that torts may occur because of such conduct and that it insured itself against this risk and passed on the cost of this risk in the price of its trucking services. It is also likely that defendant did everything in its power through training or other safety precautions to ensure that Crenshaw did not commit a tort. Nevertheless, the doctrine of vicarious liability holds defendant financially responsible for Crenshaw's negligence, even where defendant is not directly responsible for the negligent conduct. See *Ross v Consum-*

*ers Power Co (On Rehearing)*, 420 Mich 567, 622; 363 NW2d 641 (1984).

In a case like the present, where the employee has in effect admitted his negligence and where the employer has admitted that the employee's negligent conduct occurred during the course of an employment relationship, we believe that it is proper and just to hold the employer liable under the doctrine of vicarious liability.

IV

In conclusion, we acknowledge that the unfortunate events of this case have placed defendant in a difficult and unenviable position. However, we also note that defendant is not without any recourse or defense in this matter. Defendant's argument that the trial court's decision forecloses its ability to defend itself could be easily extended to all cases of vicarious liability. Had Crenshaw's negligence been determined by a jury, defendant would have no greater defense to its liability than it has now. Contrary to its claim of defenselessness, defendant will be allowed to pursue an important affirmative defense by presenting evidence that the decedent was also negligent. In view of the evidence in the record indicating that the decedent left the highway before striking defendant's truck and the reason for doing so is unknown, comparative negligence appears to be a highly persuasive argument in defendant's favor. Further, defendant could offset its damages by seeking compensation from Crenshaw. As a passive tortfeasor, defendant is entitled to seek contribution or indemnification from Crenshaw, the active tortfeasor. MCL 600.2925a; MSA 27A.2925(1); *Ryder Truck*

*Rental, Inc v Urbane,* 228 Mich App 519, 522-523; 579 NW2d 425 (1998); *St Luke's Hosp v Giertz,* 458 Mich 448, 454; 581 NW2d 665 (1998).

Regardless of the effect on defendant's ability to present a defense, this Court must affirm the trial court's decision. To do otherwise would nullify the use of default as a sanction for flagrant discovery abuses and undermine the purpose of the doctrine of vicarious liability. Therefore, we conclude that the trial court did not err in finding that Crenshaw's liability was determined by the default and defendant could not contest this issue at trial, and the court properly granted plaintiff's motion for partial summary disposition.

Affirmed.