{¶ 56} I agree with the majority that appellants' first five assignments of error lack merit and that the judgment awarding monetary damages to plaintiffs-appellees should be affirmed. However, in my opinion, defendants-appellants had an objectively reasonable basis for believing that they were not liable. Therefore, they did not fail to make a good faith effort to settle this matter. Although their defense was ultimately unsuccessful, they should not be penalized for pursuing it at trial. Consequently, I would hold that the award of prejudgment interest was an abuse of discretion.
 {¶ 57} Before addressing appellants' assignments of error, however, I would have addressed two potentially dispositive arguments raised by appellees. I believe these arguments ultimately lack merit, but appellees still deserve a ruling from this court on them.
 {¶ 58} First, appellees argue that this appeal is moot because a portion of the judgment has been paid. While voluntary full satisfaction of a judgment will moot an appeal, I cannot agree that partial satisfaction has the same effect. Appellants' insurers paid less than $4,000,000 on a total award of almost $24,000,000. I perceive no reason why appellants should not be permitted to pursue this appeal, at least to the extent that the judgment has not been paid. Therefore, I would reject this argument.
 {¶ 59} Second, appellees contend that Dr. DiCenzo's dismissal of her appeal is dispositive of Powers Professional Corp.'s appeal, because Powers conceded that it was vicariously liable for Dr. DiCenzo's actions and Dr. DiCenzo now admits liability. I was unable to find any Ohio authority on this issue. Other jurisdictions have had mixed reactions to it. Compare Rogers v. J.B. Hunt Transport (2001), 244 Mich. App. 600
with Stillwell v. Wheeling (2001), 210 W.Va. 599; United Salt v. McKee
(1981), 96 N.M. 65.
 {¶ 60} In my opinion, an employer should not be bound by its employee's actions in litigation when the employee is separately named as a party because the employer cannot control the employee in that circumstance. Thus, I agree with the line of authority which holds that a judicial admission of liability by an employee is not a proper foundation for vicarious liability and that the employer may contest the issue of the employee's negligence even if the employee does not. Accordingly, I would hold that Dr. DiCenzo's dismissal of her appeal was not dispositive of Powers' appeal.
 {¶ 61} Turning now to the prejudgment interest issue, prejudgment interest may be awarded if the court determines that the party required to pay a money judgment "failed to make a good faith effort to settle the case," and the party receiving the award did not fail to make such a good faith effort. R.C. 1343.03(C). We review the trial court's decision whether to award prejudgment interest under an abuse of discretion standard. Kalain v. Smith (1986), 25 Ohio St.3d 157. In Kalain, the supreme court held that:
 {¶ 62} "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."
 {¶ 63} As the majority correctly notes, prior to trial, appellants' trial counsel assessed the probability of a defense verdict at 50 percent; their insurer's counsel believed that the likelihood of a defense verdict was 60 percent. These assessments were based on the strength of a factual argument, that any negligence by Dr. DiCenzo was not a proximate cause of the injury because of the Code Pink Team's intervening negligence in failing to properly intubate the infant. This argument was objectively reasonable, though unsuccessful. Therefore, appellants' minimal offer of settlement was not unwarranted; indeed, appellants would have been justified in not making any offer. Consequently, I would hold that appellants did not "fail to make a good faith effort to settle" this matter, and the award of prejudgment interest was an abuse of discretion.